380 A.2d 872

**COMMONWEALTH of Pennsylvania**

v.

**Gilbert PETERSON,. Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1976.

Decided Dec. 2, 1977.

Cregg E. Mayrosh, Assistant Public Defender, Hellertown, for appellant.

Allan B. Goodman, Assistant District Attorney, Bethlehem, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

PRICE, Judge:

On June 12, 1975, following a jury trial, appellant was found guilty of robbery [1] and conspiracy.[2] Post-trial motions

1. 18 Pa.C.S. § 3701.

2. 18 Pa.C.S. § 903.

were filed, argued and subsequently denied by a court en banc. This appeal raises the single issue of the sufficiency of the evidence. Our review of the record convinces us that the evidence was indeed sufficient to support the convictions, and we therefore affirm the judgment of sentence.

The charges against appellant stemmed from the December 17, 1974, armed robbery of J's Submarine Shop in Easton, Pennsylvania. David Forker and Betsy Kels, employees at J's, described the robbers as two black males. The victims were later able to identify Robert Johnson [3] as one of the perpetrators. Officer James T. Serfass of the Easton police was assigned to cruise downtown Easton on the night of December 17. Within a period of approximately one hour prior to the robbery, Officer Serfass observed appellant on two occasions at locations within eight blocks from J's. At 9:25 p. m., the officer saw appellant, whom he knew by name, walking with Robert Johnson. At 10:15 p. m., Officer Serfass observed appellant seated in a parked 1961 green Chevrolet with three other blacks. The officer noted the car's license number and continued on his way. Officer Stephen Homoki, also on patrol, noticed appellant with Robert Johnson and two other black males at 9:30 p. m. within the same eight block area.

Two witnesses testified regarding separate incidents involving a green, 1961 Chevrolet and occurring in the immediate vicinity of the robbery. Robert Parvin noted a greenish or turquoise colored 1961 Chevrolet on 11th Street near J's at about 10:30 p. m. The car was double-parked with its lights off, and its sole occupant was the black male driver. As Parvin pulled his car into an alley to turn around, the Chevrolet's parking lights were turned on and it proceeded down 11th Street at a high rate of speed.

C. Randall Murray, a newspaper reporter, was informed of the robbery by phone and drove to the scene in his automo-

3. Robert Johnson was convicted of robbery and related offenses in a separate trial. His appeal was before this court at No. 385 October Term, 1976, *Commonwealth v. Johnson*, 247 Pa.Super. 208, 372 A.2d 11, (filed March 31, 1977, allocatur granted May 18, 1977). The *Johnson* appeal involved entirely different questions.

bile. Around 10:30 p. m., as Murray turned his car down an alley in the vicinity of J's, he saw a green 1961 Chevrolet without lights coming rapidly toward him. The car had at least two occupants, the driver and a person in the back seat.

Officer Stephen Vincent, on patrol in a nearby section of Easton, received a radio call concerning the robbery at about 10:29 p. m. He proceeded north on Seventh Street toward J's and soon passed a green 1961 Chevrolet being driven in the opposite direction at an inordinately rapid rate. The car had four black occupants. Officer Vincent identified appellant as the driver of the car, although he stated that he could not be positive because the driver was wearing a dark, large brimmed hat.

Donald Trumbauer, dispatcher at Easton's central fire station, located near Sixth and Northampton Streets, monitored police radio calls regarding the robbery. He was aware that the escape vehicle had been identified as a green Chevrolet. Around 10:30 p. m., Trumbauer saw a green 1961 Chevrolet come north on Sixth Street and turn into the alley beside the firehouse at a reckless speed.

Fireman Steven Kohler heard a car turn into the alley at what sounded like high speed. Although he did not see the car pull into the lot across from the fire station, Kohler did see a stationary green car and three black males leaning over an open door of the vehicle. The three men subsequently walked toward Northampton Street and mounted steps to the rear of an apartment house. The men attempted to enter but the door was locked. They knocked on the door and an adjacent window. After a short time one of the men left the other two at the door and retraced his path down the steps. A police car pulled into the lot and the two men at the door ducked. Shortly thereafter they were admitted into the apartment house.

Another fireman, Robert Reese, saw three black males leave the green Chevrolet and enter the walkway leading to the apartment house. Although the men were momentarily out of his sight as they ascended the stairs, Reese was again able to observe them at the rear door of the apartment

house. Reese also saw one of the men leave the apartment building area and return to the green Chevrolet where he was apprehended by the police. At trial, Reese identified appellant as that man.

Officer Serfass was the first policeman to arrive at the lot next to the firehouse. He found appellant standing by the green Chevrolet and arrested him. Officer Serfass recognized the car as the same one he had seen earlier in the evening. The car's license number matched his previous notation, and its engine was still warm.

Appellant cites three decisions of our Supreme Court in support of his contention that the evidence in this case was insufficient to support his conviction. In *Commonwealth v. Roscioli*, 454 Pa. 59, 309 A.2d 396 (1973), Philadelphia police responded to a radio call regarding a burglary in progress at a restaurant. When officers arrived on the scene, the appellant and two other people were standing around a phone booth immediately in front of the restaurant. The appellant and his companions began to move rapidly away but were halted by police. The front door of the restaurant was found to be unlocked, and upon entering, police officers discovered two men and several bags of collected loot. The pane of one of the restaurant windows, located about a foot from the phone booth, was missing. It was later found leaning against a wall in the rear of the building. In finding the evidence insufficient to support Roscioli's conviction of burglary, the Supreme Court noted that there was no proof that the appellant had removed the window pane; there was nothing to indicate the appellant was aware of the ongoing burglary inside the restaurant; the hasty departure of appellant and his companions from the vicinity of the phone booth was explained at trial as an attempt to ascertain whether a holdup had occurred at a bar across the street; and, finally, although the appellant admitted knowing the two captured burglars from the neighborhood, there was no showing that he had been with them on the night of the crime or that he was in any way associated with the criminal enterprise.

*Commonwealth v. Bailey,* 448 Pa. 224, 292 A.2d 345 (1972), is the second case advanced in support of appellant's argument. In *Bailey,* an employee saw a man take a box of hosiery from the loading dock of his employer's warehouse. The thief threw the box over a wall surrounding the premises and then climbed over the wall himself. The employee gave chase in his automobile, but he was unable to locate the thief on the adjoining street. About three minutes later, however, the employee spotted the thief seated in the back of a 1964 Chevrolet located about a block and a half from the warehouse. Five other males were in the car, which Bailey was driving. The employee asked Bailey to get out and open the car's trunk, but Bailey drove away without responding. The stolen property was never recovered. There was no evidence to connect Bailey with the thief prior to the crime, nor was there any proof that Bailey knew a crime had been committed. Further, there was no connection established between the car and the stolen property. The entire case against Bailey was his presence in the vicinity of the larceny, in the company of the alleged felon, shortly following the crime. Our Supreme Court held this an insufficient basis for a larceny conviction.

Appellant's final citation on this issue is to *Commonwealth v. Thomas,* 450 Pa. 125, 299 A.2d 226 (1973), where the Supreme Court vacated a robbery conviction and remanded for a new trial. The appellant was present at the scene of a purse-snatching, but the evidence clearly established that he was not the principal actor. The trial court limited defense counsel's cross-examination of the complainant, by which defense counsel meant to show that the appellant, although present, was not a participant in the robbery. The Supreme Court held that this limitation unfairly prevented the appellant from rebutting the inference that the Commonwealth's case against him was based on more than his mere presence.

We find that none of the three cases upon which appellant relies controls the result herein. It is undisputed that "the guilt of one accused of crime may be established beyond a reasonable doubt by circumstantial evidence alone. *Com-*

*monwealth v. Cimaszewski,* 447 Pa. 141, 288 A.2d 805 (1972), and *Commonwealth v. Boden,* 399 Pa. 298, 159 A.2d 894 (1960)." *Commonwealth v. Figueroa,* 456 Pa. 381, 384, 321 A.2d 658, 659 (1974). Appellant was seen by police officers in the company of the identified robber Johnson on three occasions within an hour prior to the robbery. Appellant was last observed with Johnson at 10:15 p. m., within fifteen minutes of the crime. At that time the two men were seated in a green 1961 Chevrolet, which was later identified as the vehicle used by the robbers to escape from the scene of the crime. Officer Vincent, proceeding toward the robbery location in response to a radio call, passed the green Chevrolet, which was traveling rapidly in the opposite direction. Officer Vincent identified appellant as the driver of the car, but was unable to be positive in his identification because the driver was wearing a hat with a large brim. The fact that Officer Vincent's identification of appellant was not certain does not, however, preclude a valid finding of guilt. Our supreme court has stated that:

" 'Proof beyond a reasonable doubt [of] the identity of the accused as the person who committed the crime, is essential to a conviction. The evidence of identification, however, need not be positive and certain [in order to convict]. A witness may testify that it is his belief, opinion, or judgment that the accused is the person who committed the crime. The indefiniteness and uncertainty in the testimony, of course, affects its weight': Wharton's Criminal Evidence, Vol. 2, p. 1626, § 932. (citation omitted).

It is well to recall that proof of identity by eyewitness is not necessary—a defendant may be and often has been convicted where the evidence is entirely circumstantial and there is no evidence of identity. (citations omitted).

It follows that a weak identification, (footnote omitted) together with other evidence in the case, may be sufficient to convince a jury of the defendant's guilt beyond a reasonable doubt—the credibility of the witnesses and the weight to be given their identification is, under proper

instructions from the Court, exclusively for the jury. (citations omitted)." *Commonwealth v. Kloiber,* 378 Pa. 412, 425–26, 106 A.2d 820, 827, *cert. denied,* 348 U.S. 875, 75 S.Ct. 112, 99 L.Ed. 688 (1954). *See also Commonwealth v. Lomax,* 236 Pa.Super. 243, 344 A.2d 498 (1975); *Commonwealth v. Mason,* 211 Pa.Super. 328, 236 A.2d 548 (1967).

It is not asserted in this appeal that the trial court failed to give proper instructions in regard to Officer Vincent's identification testimony. That matter was thus properly left to the jury.

Appellant was also linked to the robbery by additional evidence of his connection with the robbers and the getaway vehicle immediately following the crime. Three black males were seen leaving the green Chevrolet and walking to the rear door of a nearby apartment building. One of the men walked back to the car and was arrested by police. This man was identified at trial as appellant.

"In reviewing the sufficiency of the evidence, this Court must read the evidence in the light most favorable to the Commonwealth. *E. g. Commonwealth v. Thomas,* 465 Pa. 442, 350 A.2d 847 (1976). The test of sufficiency is whether, accepting as true all the evidence and all reasonable inferences therefrom, upon which if believed the fact-finder could have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime charged." *Commonwealth v. Ford,* 472 Pa. 542, 544, 372 A.2d 821, 822 (1977).

Here, the Commonwealth adduced proof that linked appellant closely to the robbers and the getaway vehicle both minutes before and minutes after the crime. Appellant was also identified, albeit not positively, as the driver of the getaway car. We find that the evidence in this case exceeds, both quantitatively and qualitatively, the evidence in the cases cited by appellant and is sufficient to support appellant's conviction.

The judgment of sentence of the lower court is affirmed.