492

414 A.2d 361

COMMONWEALTH of Pennsylvania, Appellant,

v.

William N. CARTER.

Superior Court of Pennsylvania.

Argued March 20, 1979.

Filed Nov. 9, 1979.

Reargument Denied Jan. 16, 1980.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Division, Philadelphia, for Commonwealth, appellant.

Marilyn J. Gelb, Philadelphia, for appellee.

Before VAN der VOORT, HESTER and WIEAND, JJ.

VAN der VOORT, Judge:

This case involves an appeal by the Commonwealth from orders of the trial judge sustaining appellee's demurrer at the end of a jury trial to charges of robbery (Bill No. 45) and criminal conspiracy (No. 44).

The appellee, William N. Carter, was one of three men who entered a gas station at Broad and Diamond Streets in Philadelphia on October 30, 1977 at about 3:00 A.M., and who ran from the premises shortly after one of the three brandished a revolver and took from the attendant some $230.

The question to be resolved is whether there was sufficient evidence to carry the Commonwealth's burden of proving that appellee was a participant in the conspiracy and robbery.

Judge Goldman concluded that there was insufficient proof and sustained appellee's demurrer relying on *Commonwealth v. Fields*, 460 Pa. 316, 333 A.2d 745 (1975).

We think *Fields* must be distinguished on its facts from the present case and we therefore reverse and remand.

As the Commonwealth concedes in its brief, and as *Fields* hold, mere presence at the scene of a crime, coupled with flight from the scene, without something more, is insufficient to show participation in the crime. On the other hand, the Commonwealth "does not have to establish guilt to a mathematical certainty and may in the proper case rely wholly on circumstantial evidence . . ." provided that the conviction be "based on more than mere suspicion or conjecture": *Commonwealth v. Roscioli*, 454 Pa. 59, 62, 309 A.2d 396, 398 (1973), quoted by Judge Cercone in *Waldron Appeal*, 237 Pa.Super. 298, 307, 353 A.2d 43, 48 (1975).

In this present case we have evidence through the testimony of the gas station attendant that three men arrived together on foot at the gas station talking to each other. The time was about 3:00 A.M. Further testimony established that one of the trio asked for change and then drew a revolver and demanded money; that the second man stood

behind the attendant Brooks, patted him down and took the contents of his pockets; that the third man, appellee, stood at the front door to the gas station said nothing and did nothing; and that "all three of them ran out at the same time." (Record 30a). There was no evidence that appellee had a weapon in his possession or ever took possession of any of the money taken. Appellee was shot in the right shoulder by the station attendant while he was running away; and shortly thereafter attempted to hide from the police by getting under a parked car.

The fact that appellee came *together* with the other two men to the station at 3:00; left *together* after the robbery; and positioned himself at the front door while the crime was being committed is sufficient in our opinion to submit to the jury the question of whether appellee was a participant in the robbery. See *Commonwealth v. Peterson*, 251 Pa.Super. 462, 380 A.2d 872 (1977); *Commonwealth v. Wright*, 235 Pa.Super. 601, 344 A.2d 512 (1975). See also *Commonwealth v. Pierce*, 437 Pa. 266, 268, 263 A.2d 350 (1970); *Commonwealth v. Leach*, 455 Pa. 448, 451, 317 A.2d 293, 295 (1974), suggesting that guilt or innocence of an "abettor" is not determined "by the quantum of his advice or encouragement."

Reversed and remanded for a new trial.