422 A.2d 1154

**COMMONWEALTH of Pennsylvania**

**v.**

**Charles Milton EBERTS, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 8, 1976.

Filed Nov. 26, 1980.

Simon B. John, Assistant Public Defender, Uniontown, for appellant.

Conrad B. Capuzzi, District Attorney, Uniontown, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

OPINION PER CURIAM:

Appellant was charged with Robbery, Theft by Unlawful Taking or Disposition, Theft by Receiving Stolen Property, and Recklessly Endangering Another Person. On September 5, 1975, appellant was found guilty in a jury trial of all but Theft by Receiving Stolen Property. Post trial motions were filed and denied. A sentence of not less than five nor more than ten years was imposed on May 26, 1976 as to each charge, all to run concurrently. At trial, appellant was represented by Attorney Gary N. Altman, temporarily assigned to the Office of the Public Defender of Fayette County.

An appeal was filed on June 23, 1976, by appellate counsel, Simon D. John, also of the Fayette County's Public Defender Office.[1] In addition to several other issues, counsel raised the ineffectiveness of trial counsel as a basis for relief. Since appellant was represented both at trial and on appeal by the public defender's office, we filed a per curiam order dated December 8, 1978, instructing that new appellate

---

1. Appellate counsel initially sought to withdraw, alleging that no meritorious grounds existed for an appeal. Permission to withdraw was denied by Order of this Court dated May 4, 1977. Counsel was instructed to file an advocate's brief on the merits in accordance with the Anders–Baker requirements which are set forth in Commonwealth v. Greer, 455 Pa. 106, 314 A.2d 513 (1974). Counsel filed a second brief on June 15, 1977 and again sought to withdraw. On June 23, 1978, permission was once again denied, and counsel was ordered to file a brief on the merits. Such a brief was filed; subsequently, on December 8, 1978, this case was remanded for appointment of new counsel, other than a public defender, to represent appellant.

counsel from outside that office be appointed to conduct an independent review of the record and to pursue any meritorious defense which might exist for the appellant. This course of action, appointing appellate counsel from outside the public defender's office, avoids even an appearance of a conflict of interest which might threaten appellate counsel's duty of zealous advocacy. See *Commonwealth v. Wright*, 473 Pa. 395, 374 A.2d 1272 (1977), *Commonwealth v. Fox*, 476 Pa. 475, 383 A.2d 199 (1978), *Commonwealth v. Patrick*, 477 Pa. 284, 383 A.2d 935 (1978).

Before we review appellant's contentions, we must first examine the facts. On June 16, 1975, Mrs. Irma Bibby was working as a clerk at Buck and Bob's Dairy Bar in Dawson, Pennsylvania. At approximately 9:20 A.M. on that date, appellant entered the store, stood by the bread rack for a few minutes, and then approached Mrs. Bibby. Appellant, who displayed a firearm partially hidden by one hand, stated, "This is a holdup. I want all the cash, no change." The victim stared at him for a minute, opened the cash register, and handed appellant approximately $280. Upon receipt of the money, appellant fled.

We will now address the substantive contentions raised by the appellant on this appeal. Initially, appellant challenges the legality of his convictions for both robbery and recklessly endangering another person, claiming they are subject to the doctrine of merger.[2] The relief which he seeks is a reversal of both convictions, and a vacation of sentences.

The doctrine of merger applies when one crime "necessarily involves" another. *Commonwealth ex rel. Moszczynski v. Ashe*, 343 Pa. 102, 21 A.2d 920 (1941), *Common-*

---

**2.** Appellant also challenges his convictions for robbery and recklessly endangering another person on the ground that the verdicts are inconsistent since different mental states are required for each offense. However, in light of our disposition of appellant's sentence for recklessly endangering another person, this question becomes academic. Moreover, in the alternative, consistent verdicts are not required under the case law in this Commonwealth. See *Commonwealth v. Stegmaier*, 247 Pa.Super. 159, 371 A.2d 1376 (1977).

*wealth v. Olsen*, 247 Pa.Super. 513, 372 A.2d 1207 (1977). It is well settled that for one crime to necessarily involve another, the essential elements of one must be the essential elements of the other. *Commonwealth v. Olsen*, supra, *Commonwealth v. Farmer*, 244 Pa.Super. 334, 368 A.2d 748 (1976). That is, if no additional facts are needed to prove the additional offense, it merges into the primary offense for sentencing purposes. Only one sentence may thereafter be imposed. See *Commonwealth v. Nelson*, 452 Pa. 275, 305 A.2d 369 (1973), *Commonwealth v. Cox*, 209 Pa.Super. 457, 228 A.2d 30 (1967), *Commonwealth v. Turner*, 265 Pa.Super. 486, 402 A.2d 542 (1979).

In order to obtain a conviction for robbery, the Commonwealth must prove that a person, in the course of committing a theft,

"(a)(1) . . .

(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury . . ." 18 Pa.C. S.A. § 3701.[3]

The crime of recklessly endangering another person is committed if a person "recklessly engages in conduct which places or may place another person in fear of death or serious bodily injury." 18 Pa.C.S.A. § 2705.

In the course of committing a theft, herein stealing money from the dairy bar, the appellant threatened Mrs. Bibby with immediate serious bodily harm, specifically by use of a firearm. The above facts establish the necessary elements for the offense of robbery as stated infra. In order to prove that appellant engaged in conduct which recklessly placed another in danger of death or serious bodily injury, these exact same facts must be considered. No additional facts exist, or are necessary, to prove that appellant recklessly endangered another's life.

3. The offense of Robbery was amended June 24, 1976, P.L. 425, No. 102, § 1, however, the crime in the instant case was committed under the Act of December 6, 1972, P.L. 1482, No. 334, § 3701, 18 Pa.C.S.A. § 3701, eff. June 6, 1973.

A similar situation was recently reviewed by this court in *Commonwealth v. Jackson*, 271 Pa.Super. 131, 412 A.2d 610 (1979). Therein, the assailant knocked the victim to the ground, breaking her arm, as he forcibly stole her handbag. Since no additional facts were required to prove the crime of recklessly endangering another person, we found that crime to merge with the count of robbery.

We must conclude that appellant's convictions of robbery and recklessly endangering another person resulted from the same unlawful acts. He therefore should not have been sentenced on both.

Where a case requires a correction of sentence, this court has the option of either remanding for resentencing, or amending the sentence directly. *Commonwealth v. Portalatin*, 223 Pa.Super. 33, 297 A.2d 144 (1972). Herein, since appellant's sentences were no less than five nor more than ten years on each count, with all to run concurrently, we need not remand to the lower court for resentencing. Rather, we will simply vacate appellant's sentence for recklessly endangering another person.[4] See *Commonwealth v. Kostka*, 475 Pa. 85, 379 A.2d 884 (1977), *Commonwealth v. Guenzer*, 255 Pa.Super. 587, 389 A.2d 133 (1978).

Appellant finally advances the argument that the evidence was insufficient to (1) prove the offenses of robbery and recklessly endangering another person, and (2) the identity of the appellant as the assailant. The former argument is clearly specious and must be considered disposed of in light of our discussion infra. The latter argument is also without merit.

The identification of appellant as the perpetrator of these crimes came from two individuals. Mrs. Bibby, the clerk at the dairy store, testified that she stood and stared at

4. As long as appellant is not punished twice for the same act, he has no basis for complaining that he was convicted of more than one crime for a single act since one unlawful act may constitute more than one crime. *Commonwealth v. Cox*, 209 Pa.Super. 457, 228 A.2d 30 (1967), *Commonwealth ex rel. Brockway v. Keenan*, 180 Pa.Super. 78, 118 A.2d 255 (1955).

the appellant's unmasked face for a full minute before handing him the money. In addition to Mrs. Bibby's identification, a customer in the store, Laverne Christner, was also afforded sufficient opportunity to view the appellant. She observed him at the bread rack immediately prior to the robbery. Both witnesses chose appellant's photograph from a series of photos shown to them after the robbery.

Accepting as true all the evidence and reasonable inferences therefrom in favor of the verdict winner, the Commonwealth, the above stated facts are overwhelmingly sufficient to establish the identity of appellant. *Commonwealth v. Wilder*, 259 Pa.Super. 479, 393 A.2d 927 (1978).

Judgment of sentence for recklessly endangering another person vacated. Judgment of sentence for robbery and unlawful taking by theft or disposition affirmed.

JACOBS, Former President Judge, did not participate in the consideration or decision of this case.