443 A.2d 1185

**COMMONWEALTH of Pennsylvania**

v.

**Lonnie CADOGAN, Appellant.**

Superior Court of Pennsylvania.

Submitted May 12, 1981.

Filed April 2, 1982.

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Gaele McLaughlin Barthold, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before MONTEMURO, HOFFMAN and VAN der VOORT, JJ.

HOFFMAN, Judge:

Appellant contends that the evidence was insufficient to sustain his convictions, and that the lower court erred in imposing separate sentences for burglary and criminal trespass. We find that the evidence was sufficient, but that the sentences for burglary and criminal trespass merged and, accordingly, vacate the judgment of sentence for criminal trespass and affirm the others.

Appellant was convicted of burglary, criminal trespass, and conspiracy arising from an incident on November 21, 1979. Following denial of post-trial motions, the lower court sentenced him to concurrent five-year terms of probation for burglary and conspiracy, and to a suspended sentence of six to twenty-four months imprisonment for criminal trespass. This appeal followed.

When an appellant challenges the sufficiency of the evidence supporting his conviction we must view the evidence in the light most favorable to the Commonwealth as verdict winner, accept as true all the evidence and reasonable inferences upon which the factfinder could properly base its verdict, and determine whether the evidence is sufficient in law to prove every element of the crimes charged beyond a reasonable doubt. *Commonwealth v. Davis*, 491 Pa. 363, 421 A.2d 179 (1980); *Commonwealth v. Roux*, 465 Pa. 482, 350 A.2d 867 (1976); *Commonwealth v. Lewis*, 276 Pa. Superior Ct. 451, 419 A.2d 544 (1980). Viewed in this light, the evidence indicated that on November 21, 1979, at about 11:00 a. m., Albert DiAmbrosio, while washing the second floor windows of his home, saw two men, later identified as appellant and James Spann, sitting and talking on his front steps. Mr. DiAmbrosio overheard the men planning to break into his daughter's house across the street, and then saw Spann approach it. Appellant remained seated on the step. Spann pulled open a cellar-window grate, but returned to tell appellant, "if you see anything, whistle." Spann went back to the daughter's house and entered it through the cellar window. Mr. DiAmbrosio called the police, who soon arrived. When appellant saw the police, he ran, but was apprehended by an officer in a patrol car.

■ Appellant contends that the evidence was insufficient to sustain his convictions for conspiracy, burglary, and criminal trespass. We disagree. "The essence of every conspiracy is a common understanding, no matter how it comes into being, that a particular criminal objective be accomplished. Although the evidence must show more than mere association, '[a] conspiracy may be inferentially established by

showing the relation, conduct, or circumstances of the parties, and the overt acts of the co-conspirators have uniformly been held competent to prove that a corrupt confederation has in fact been formed.'" *Commonwealth v. Henderson*, 249 Pa. Superior Ct. 472, 481, 378 A.2d 393, 398 (1977) (citations omitted) quoting *Commonwealth v. Horvath*, 187 Pa. Superior Ct. 206, 211, 144 A.2d 489, 492 (1958). *Accord, Commonwealth v. Lewis, supra; Commonwealth v. Madison*, 271 Pa. Superior Ct. 382, 413 A.2d 718 (1979). Appellant contends that the evidence established mere association, not conspiracy, as in *Commonwealth v. Fields*, 460 Pa. 316, 333 A.2d 745 (1975) (mere presence at scene of shooting and flight afterwards insufficient to establish conspiracy to murder). However, the evidence showed appellant planned the break-in with Spann, knew of his purpose, arranged a specific warning signal, and stayed in a position to be a lookout. *See Commonwealth v. Carter*, 271 Pa. Superior Ct. 492, 414 A.2d 361 (1979) (lookout guilty of conspiracy to rob); *Commonwealth v. Peterson*, 251 Pa. Superior Ct. 462, 380 A.2d 872 (1977) (getaway driver). Appellant's flight offered additional evidence of his guilt. *See Commonwealth v. Carter, supra; Commonwealth v. Madison, supra.* These facts thus established appellant's participation in the conspiracy. They were also sufficient to establish that he was an accomplice aiding in the commission of the planned crime, and thus fully liable for the burglary and criminal trespass. 18 Pa.C.S.A. § 306; *Commonwealth v. Finley*, 477 Pa. 382, 383 A.2d 1259 (1978) (lookout and getaway driver); *Commonwealth v. Carter, supra. Accord, Commonwealth v. Tate*, 485 Pa. 180, 401 A.2d 353 (1979); *Commonwealth v. Roux, supra.*

Appellant contends also that he may be subjected to only one sentence for his convictions for burglary and criminal trespass because they arose from only one criminal act.[1]

---

1. Appellant did not argue merger below. Despite that failure, however, his contention is not waived. *Commonwealth v. Walker*, 468 Pa. 323, 330 n.3, 362 A.2d 227, 230 n.3 (1976) (imposing multiple sentences for single criminal act is "beyond the power" of a sentenc-

We agree. "[I]n merger of sentence cases, we focus not only on the similarity of the elements of the crimes but also, and primarily, on the facts proved at trial, for the question is whether those facts show that in practical effect the defendant committed a single criminal act, in which case there will be a merger and only a single sentence may be imposed." [2] *Commonwealth v. Crocker,* 280 Pa. Superior Ct. 470, 475, 421 A.2d 818, 820 (1980) (burglary and criminal trespass). *See Commonwealth v. Walker,* 468 Pa. 323, 362 A.2d 227 (1976) (rape and statutory rape); *Commonwealth v. Eberts,* 282 Pa. Superior Ct. 354, 422 A.2d 1154 (1980) (robbery and reckless endangerment); *Commonwealth v. Lezinsky,* 264 Pa. Superior Ct. 476, 400 A.2d 184 (arson and criminal mischief). Applying these principles, we hold that the lower court erred in imposing separate sentences for burglary and criminal trespass, for in practical effect, appellant participated in but one unlawful entry. Accordingly, we vacate the judgment of sentence for criminal trespass. Because the sentence for the less serious crime of criminal trespass did not influence the sentences for burglary and conspiracy,[3] we need not remand for resentencing. *Commonwealth v. Crocker, supra; Commonwealth v. Eberts, supra.*

Judgment of sentence for criminal trespass at no. 1639 is vacated. Judgments of sentence for burglary at no. 1638 and criminal conspiracy at no. 1640 are affirmed.

ing court); *Commonwealth v. Crocker,* 280 Pa. Superior Ct. 470, 474 n.2, 421 A.2d 818, 820 n.2 (1980).

**2.** For purposes of indictment, governed by a comparison-of-the-elements test, criminal trespass is not a lesser included offense of burglary, and must be indicted separately as was done here. *Commonwealth v. Carter,* 482 Pa. 274, 393 A.2d 660 (1978) (scienter elements differ).

**3.** Burglary and conspiracy to commit burglary are felonies of the first degree. Criminal trespass is at most a felony of the second degree. 18 Pa.C.S.A. §§ 903, 3502, 3503.