453 A.2d 1051

**COMMONWEALTH of Pennsylvania**

v.

**Roderick KINNON, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 9, 1982.

Filed Dec. 17, 1982.

---

, John Packel, Chief, Appeals, Asst. Public Defender, Philadelphia, for appellant.

Jane Culter Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BROSKY, ROWLEY and MONTGOMERY, JJ.

PER CURIAM:

Appellant Roderick Kinnon was convicted of burglary (No. 2338) and criminal trespass (No. 2339) following a non-jury trial before the Honorable Thomas White. Post-verdict motions were denied and appellant was sentenced to concurrent terms of one to three years imprisonment on each conviction. Appellant then filed this direct appeal. For the reasons that follow, we affirm the judgment of sentence on the burglary conviction and vacate the judgment of sentence on the criminal trespass conviction.

Appellant first contends that the lower court erred in refusing to suppress both identification and physical evidence on the grounds that they were obtained as a result of an illegal arrest. Alternatively, appellant claims that the out-of-court identification was so unduly suggestive that it and any subsequent in-court identification should be suppressed.

In determining whether probable cause for an arrest exists, we must not focus on isolated factors but must, rather, look at the totality of the circumstances surrounding the arrest. *Commonwealth v. Fiore*, 281 Pa.Super. 1, 421 A.2d 1116 (1980). In addition, the circumstances of the arrest must be viewed through the eyes of the trained police officer. *Commonwealth v. Tolbert*, 235 Pa.Super. 227, 341 A.2d 198 (1975). The evidence at the suppression hearing revealed that Officers Stankiewicz and Kellenbenz

were on patrol in their unmarked car when they received a radio call on a burglary in progress. Upon arriving at the location of the burglary, Officer Stankiewicz left the car and observed appellant on the first floor roof. Upon seeing the officer, appellant ran over a series of small roofs and Officer Stankiewicz pursued him. Appellant then leaped onto a tree limb and eluded Officer Stankiewicz. Officer Kellenbenz then picked up the chase in the police car and apprehended appellant. We believe these facts sufficiently show that the officers had probable cause to arrest appellant.

■ Appellant, however, further asserts that the Commonwealth could not show probable cause because Officer Kellenbenz did not testify. We disagree. The officers were together except for a very short time and the facts and circumstances testified to by Officer Stankiewicz do indeed show probable cause. We see no reason why the lack of Officer Kellenbenz's testimony should invalidate an otherwise valid arrest.

Alternatively, appellant argues that the on-the-scene identification by Officer Stankiewicz was so suggestive as to warrant suppression. The identification occurred just moments after Officer Kellenbenz apprehended appellant. Appellant argues that the identification procedure was suggestive because he was in police custody at the time. This argument is clearly meritless.[1] *See, e.g., Commonwealth v. Santiago*, 229 Pa.Super. 74, 323 A.2d 826 (1974).

■ Finally, appellant asserts that it was error for the lower court to impose sentence on both the burglary and the criminal trespass convictions. Since both convictions arose from a single act, we agree that appellant could be sentenced on only one of the convictions. *Commonwealth v. Cadogan*, 297 Pa.Super. 405, 443 A.2d 1185 (1982). Be-

---

1. Appellant also states in his brief that he was handcuffed when Officer Stankiewicz identified him. This fact is not substantiated by the record; however, even if it were true, that fact alone would not warrant suppressing the identification, especially when the identifying witness is the police officer who originally pursued the suspect. See, *Commonwealth v. Perdie*, 249 Pa.Super. 406, 378 A.2d 359 (1977).

cause the trial court imposed concurrent sentences, however, we need not remand for resentencing but will simply vacate the judgment of sentence imposed on the criminal trespass conviction. *Commonwealth v. Eberts,* 282 Pa.Super. 354, 422 A.2d 1154 (1980).

Judgment of sentence at No. 2338 is affirmed; judgment of sentence at No. 2339 is vacated. We relinquish jurisdiction.