494 A.2d 467

**COMMONWEALTH of Pennsylvania**

v.

**Michael Robert WILLIAMS, Appellant.**

Superior Court of Pennsylvania.

Argued June 11, 1984.

Filed May 10, 1985.

Petition for Allowance of Appeal Granted Dec. 27, 1985.

Albert P. Massey, Jr., Paoli, for appellant.

Stuart B. Suss, Assistant District Attorney, West Chester, for Commonwealth, appellee.

Before CIRILLO, BECK and CERCONE, JJ.

PER CURIAM:

Appellant was convicted of arson endangering persons, arson endangering property, burglary, theft by unlawful taking, theft by receiving stolen property, criminal conspiracy and three counts of criminal attempt—criminal homicide. The court sentenced appellant to ten (10) to twenty (20) years on the arson counts; [1] five (5) to ten (10) years on the burglary conviction, and five (5) to ten (10) years on *each* of the three attempt counts. All sentences were to run consecutively for an aggregate term of thirty (30) to sixty (60) years. Sentence was suspended upon the theft by unlawful taking and conspiracy counts. The court found that receiving stolen property merged with the other theft count. Appellant then perfected this appeal.[2]

■ On appeal, appellant raises three contentions, each challenging in some way the legality of the multiple sentences imposed. Appellant's first argument is that his convictions for Arson Endangering Persons merged, for sentencing purposes, with his three convictions for Criminal

---

1. The court found that the two arson counts merged.
2. This case has taken a tortured route to this court. For the sake of this appeal we need not review the intervening procedural maze between appellant's conviction and our present review.

Attempt (Criminal Homicide). The merger question has always been a difficult one to resolve. The test for determining whether one offense merges with another for sentencing purposes was initially outlined in the Pennsylvania Supreme Court case *Commonwealth ex rel. Moszczynski v. Ashe*, 343 Pa. 102, 104–5, 21 A.2d 920, 921 (1941):

> The true test of whether one criminal offense has merged in another is *not* (as is sometimes stated) whether the two criminal acts are 'successive steps in the same transaction' but is whether one crime *necessarily involves* another, as, for example, rape involves fornication, and robbery involves both assault and larceny. The 'same transaction' test is valid only when 'transaction' means a *single act*. When the 'transaction' consists of two or more criminal acts, the fact that the two acts are 'successive' does not require the conclusion that they have merged. Two crimes *may be* successive steps in *one* crime and therefore merge as, e.g., larceny is merged in robbery, and assault and battery is merged in murder, or they may be two distinct crimes which do not merge. (Emphasis in original).

In order for one crime to necessarily involve the other, the essential elements of one must also be the essential elements of the other. *Commonwealth v. Williams*, 290 Pa.Super. 209, 434 A.2d 717 (1981). *See also Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). We must, then, examine the statutory elements of the crimes involved. Arson Endangering Persons, a felony of the first degree, occurs when a person "intentionally starts a fire or causes an explosion, whether on his own property or that of another, and thereby recklessly places another person in danger of death or bodily injury." 18 Pa.C.S.A. § 3301(a) (1973). Criminal Attempt occurs "when, with intent to commit a specific crime, [a person] does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S.A. § 901. "A person is guilty of criminal homicide if he intentionally, knowingly,

recklessly or negligently causes the death of another human being."[3]  18 Pa.C.S.A. § 2501(a).

■ In merger of sentence cases, we not only focus on the commonality of the elements of the crimes but also, and primarily, on the facts proved at trial, for the question is whether those facts show that in practical effect the defendant committed both criminal acts with the same essential elements necessary to commit both crimes, in which case there will be a merger and only a single sentence may be imposed. *Commonwealth v. Cadogan*, 297 Pa.Super. 405, 443 A.2d 1185 (1982).  The facts of the present case which must be set forth before the merger issue can be finally and fully decided are as follows.  The appellant shared an apartment in West Chester County, Pennsylvania with one Gerald Jones.  Shortly after midnight, on April 2, 1978, the appellant and Jones walked from their apartment to a house some four to five blocks distant, the residence of James and Eleanor Latta, and their son Peter.  Upon arriving at the Latta house, the defendant cut the wires connecting the Latta telephone to a utility pole, removed a screen from a window on the first floor, and gained access to the interior of the house through the window.  During all of this, the Lattas were upstairs asleep.

While inside the house, Jones asked the appellant if anyone was home and he replied affirmatively.  When Jones asked appellant what would happen if someone came downstairs, appellant replied that he would kill them.  In his possession, appellant had a nine-inch hunting knife.

3.  According to 18 Pa.C.S.A. § 905, Grading of Criminal Attempt, "attempt [is a crime] of the same grade and degree as the most serious offense which is attempted ...  An attempt ... to commit murder of the first degree or a felony of the first degree is a felony of the second degree."  Instantly, the attempt was to commit murder of the first degree.  The record establishes the requisite specific intent to kill.  *See Commonwealth v. Ash*, 482 Pa. 590, 394 A.2d 479 (1978).  Therefore, the grading for each of appellant's three attempt (criminal homicide) convictions is that of a felony of the second degree.  Moreover, the trial judge limited his instructions to the jury upon the crime of criminal attempt (criminal homicide) to attempted murder of the first degree.

From the house, appellant and Jones appropriated a quantity of personal property belonging to the Lattas, left the house with the property, returned to their apartment, and there deposited the property. The appellant and Jones then returned a second time to the Latta house on foot, again gaining access through the same window, and repeated their earlier activities, taking personal property from the house to their apartment.

Intending to return to the Latta house for a third time, the appellant awakened one Darrell Hopkins who was then sleeping in appellant's apartment and the three departed, again entering the Latta house through the window. Appellant then told Jones that he intended to set the house on fire, as the Lattas were "going to pay for what was happening" to appellant's brother.[4]

The three selected additional property and Jones and Hopkins left the house carrying such property with them and waited on the street for appellant, who remained inside.

Appellant thereupon went to the basement of the house and started a fire under a table, in or near a box of kindling. He then joined his companions on the street, advising them that he had started a fire. The three then departed for the apartment with the additional loot.

The Lattas were awakened by the persistent barking of the family dogs and the smoke alarm. Although the three Lattas escaped unharmed, the house was extensively damaged.

█ Applying the merger principles as previously set forth, we hold that the lower court erred in imposing separate sentences for the crime of arson endangering persons and for each of the criminal attempt (criminal homicide) crimes. After the Commonwealth had completed its proof of the crime of attempted murder, it also completed its proof for the crime of Arson Endangering Persons.

**4.** Although appellant's brother was then hospitalized, there is no testimony or other evidence in the record connecting such circumstances to the Lattas.

As appellant himself revealed, he intended to set the house on fire to retaliate against the Lattas; they were "going to pay for what was happening" to appellant's brother. The arson and attempted homicide are not separate crimes. The facts establish that, in practical effect appellant committed but one single criminal act. We note additionally that in his instructions to the jury the Judge limited the crime of Criminal Attempt Homicide to Attempted Murder of the First Degree. According to the statutory section for Murder of the First Degree, 18 Pa.C.S.A. § 2502(a), "A criminal homicide constitutes murder of the first degree when it is committed by an intentional killing." With this in mind, the Judge instructed that before the jury could convict appellant of attempted murder of the three victims that they were required to find by proof beyond reasonable doubt that appellant, by starting the fire, specifically intended to murder each one of the victims.

■ As the crimes merge for sentencing we vacate the judgments of sentence as to the Criminal Attempt and Arson Endangering Persons. Because it is not clear from the record whether the imposition of the three sentences for criminal attempt (criminal homicide), the lesser crime, influenced in some way the sentence imposed for Arson Endangering Persons we remand for sentencing on the arson conviction. *See Commonwealth v. Crocker*, 280 Pa.Super. 470, 421 A.2d 818 (1980); *Commonwealth v. Eberts*, 282 Pa.Super. 354, 422 A.2d 1154 (1980).[5] Judgments of sentence for Criminal Attempt (Criminal Homicide) and Arson Endangering Persons are vacated. Case is remanded to the lower court for resentencing on the arson conviction.[6] Jurisdiction is relinquished.

**5.** The other issues raised by appellant which we need not address are:
Whether the imposition of sentences for Criminal Attempt (Criminal Homicide) and Arson Endangering Persons violated 18 Pa.C.S.A. § 906.
Whether imposition of three individual sentences for Criminal Attempt (Criminal Homicide) was unlawful.

**6.** Although the court below held that two of the arson counts merged, the recent Pennsylvania Supreme Court case of *Commonwealth v.*

*Frisbie,* 506 Pa. 461, 485 A.2d 1098 (1984), proves the court wrong. *Frisbie* holds that the imposition of multiple sentences upon a defendant whose single unlawful act injures multiple victims is not violative of the double jeopardy clause of the Fifth Amendment. *Frisbie,* of course, is also applicable to the criminal attempt charges.