## COMMONWEALTH of Pennsylvania, Appellee,

### v.

### Michael WILLIAMS, Appellant.

Superior Court of Pennsylvania.

Submitted Jan. 11, 1999.

Filed April 22, 1999.

Jeremiah F. Kane, III, West Chester, for appellant.

Stuart B. Sass, Asst. Dist. Atty., West Chester, for Com., appellee.

Before FORD ELLIOTT, ORIE MELVIN and BROSKY, JJ.

ORIE MELVIN, J.:

¶ 1 Appellant, Michael Robert Williams, appeals from the denial of collateral relief pursuant to the Post Conviction Relief Act (PCRA) 42 Pa.C.S.A. §§ 9541–9546. The sole issue for our consideration is whether trial counsel was ineffective for failing to fully investigate and present a voluntary intoxication defense with respect to the attempted murder charges. Because such a defense is statutorily precluded, we affirm.

¶ 2 This Court previously summarized the facts underlying the charges in Mr. Williams' direct appeal as follows:

The appellant shared an apartment in West Chester County, Pennsylvania with one Gerald Jones. Shortly after midnight, on April 2, 1978, the appellant and Jones walked from their apartment to a house some four or five blocks distant, the residence of James and

Eleanor Latta, and their son Peter. Upon arriving at the Latta house, the defendant cut the wires connecting the Latta telephone to a utility pole, removed a screen from a window on the first floor, and gained access to the interior of the house through the window. During all of this, the Lattas were upstairs asleep.

While inside the house, Jones asked the appellant if anyone was home and he replied affirmatively. When Jones asked appellant what would happen if someone came downstairs, appellant replied that he would kill them. In his possession, appellant had a nine-inch hunting knife.

From the house, appellant and Jones appropriated a quantity of personal property belonging to the Lattas, left the house with the property, returned to their apartment, and there deposited the property. The appellant and Jones then returned a second time to the Latta house on foot, again gaining access through the same window, and repeated their earlier activities, taking personal property from the house to their apartment.

Intending to return to the Latta house for a third time, the appellant awakened one Darrell Hopkins who was then sleeping in appellant's apartment and the three departed, again entering the Latta house through the window. Appellant then told Jones that he intended to set the house on fire, as the Lattas were "going to pay for what was happening" to appellant's brother.

The three selected additional property and Jones and Hopkins left the house carrying such property with them and waited on the street for appellant, who remained inside.

Appellant thereupon went to the basement of the house and started a fire under a table, in or near a box of kin-

dling. He then joined his companions on the street, advising them that he had started a fire. The three then departed for the apartment with the additional loot.

The Lattas were awakened by the persistent barking of the family dogs and the smoke alarm. Although the three Lattas escaped unharmed, the house was extensively damaged.

*Commonwealth v. Williams*, 343 Pa.Super. 280, 494 A.2d 467, 469 (1985) (footnote omitted).

¶ 3 Mr. Williams was convicted of arson endangering persons, arson endangering property, burglary, theft by unlawful taking, theft by receiving stolen property, criminal conspiracy, and three counts of criminal attempt (murder of the first degree).[1] Thereafter, Mr. Williams timely filed motions for a new trial and in arrest of judgment, which were denied. On August 21, 1979, the trial court sentenced Mr. Williams to ten (10) to twenty (20) years on the arson endangering persons count[2]; five (5) to ten (10) years on each of the three attempted murder counts; and five (5) to ten (10) years on the burglary conviction. All sentences were to run consecutively for an aggregate term of thirty (30) to sixty (60) years.

¶ 4 On direct appeal, by order dated July 13, 1982, we remanded the case to the trial court for the appointment of new counsel and for a hearing on all claims of trial counsel's ineffectiveness. At the hearing new counsel chose to only pursue a claim that trial counsel was ineffective for failing to present argument prior to imposition of sentence. The trial court agreed and vacated the sentence and convened a new sentencing proceeding, this time with argument from new counsel. Following this proceeding the judge resentenced Mr. Williams to identical sentences to those originally imposed. Mr. Williams

---

**1.** 18 Pa.C.S.A. §§ 3301(a) and (b), 3502, 3921, 3925, 903 and 901, respectively.

**2.** Sentence was suspended upon Mr. Williams' conviction of Arson Endangering Property. 18 Pa.C.S.A. § 3301(b).

filed another direct appeal challenging the legality of the sentences. New counsel was again appointed to represent Mr. Williams on this appeal. On May 10, 1985 this Court determined that separate sentences for the crimes of attempted murder and arson endangering persons could not be lawfully imposed and, therefore vacated the sentences for those crimes and remanded for resentencing on the arson conviction. *Commonwealth v. Williams*, 343 Pa.Super. 280, 494 A.2d 467 (1985). Based on this holding the panel deemed it unnecessary to address the remaining issues.

¶ 5 Next, our Supreme Court granted the Commonwealth's petition for allowance of appeal and, on March 19, 1987 reversed, finding that separate sentences could be imposed and remanded to this Court for consideration of the remaining issues. *Commonwealth v. Williams*, 514 Pa. 124, 522 A.2d 1095 (1987). On August 21, 1987 this Court affirmed the judgment of sentence. Mr. Williams' petition for allowance of appeal to our Supreme Court was denied on February 23, 1988. *Commonwealth v. Williams*, No. 734 E.D. Allocatur Docket 1987, 518 Pa. 613, 540 A.2d 534 (1988). The United States Supreme Court denied further review on June 20, 1988. *Williams v. Pennsylvania*, 487 U.S. 1208, 108 S.Ct. 2852, 101 L.Ed.2d 889 (1988).

¶ 6 The instant PCRA petition was filed by Jeremiah F. Kane, III, Esquire on September 17, 1996.[3] N.T., PCRA Hearing, 11/20/96 at 6. Following the evidentiary hearing the Honorable Leonard Sugerman took the matter under advisement and invited the parties to present letter memoranda in support of their positions. Judge Sugerman passed away on December 2, 1997 without having ruled on this matter. On February 20, 1998 the Honorable Jacqueline M. Carroll was assigned to dispose of this matter. On July 5, 1998, relying on the briefs of counsel and the transcript of the November 20, 1996 hear-

ing, Judge Carroll issued an Order and Memorandum Opinion denying PCRA relief. This timely appeal followed.

■ ¶ 7 Our review of the denial of PCRA relief is limited to determining whether the record supports the findings of the PCRA court and whether the court's order is otherwise free of legal error. *Commonwealth v. Morales*, 549 Pa. 400, 701 A.2d 516 (1997).

¶ 8 Mr. Williams contends that trial counsel was ineffective for failing to investigate and locate witnesses to his inebriation and utilize this evidence as a defense to the attempted murder charges.

¶ 9 To be. eligible for relief pursuant to the PCRA, an appellant must first establish that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S.A. § 9543(a)(2). An appellant must also establish that the issues raised in the PCRA petition have not been previously litigated or waived. 42 Pa.C.S.A. § 9543(a)(3). Finally, the appellant must demonstrate that failure to litigate the issue prior to trial, during trial, or on direct appeal could not have resulted from any "rational, strategic or tactical decision by counsel." 42 Pa. C.S.A. § 9543(a)(4).

■ ¶ 10 In the instant case, Mr. Williams' claim has not been previously litigated and falls under § 9543(a)(2)(ii). Pursuant to this section, Mr. Williams must plead and prove that his conviction resulted from ineffective assistance of counsel which in the circumstances of the particular case so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place. 42 Pa.C.S.A. § 9542(a)(2)(ii). Ineffective assistance of counsel will excuse waiver under 42 Pa.C.S.A. § 9543(a)(3)(iii) only with regard to claims of ineffective assistance of counsel at trial

**3.** The record also reflects that Mr. Williams sought federal habeas corpus relief, which was denied without prejudice for failure to

exhaust state court remedies. *Williams v. Larkins*, No. 96–1932 (E.D.Pa.1996).

and on direct appeal[4] and provided the standards announced in *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987) and its progeny are met. In reviewing such a claim the law presumes that trial counsel was not ineffective, and the appellant bears the burden of proving otherwise. *Commonwealth v. Hall*, 549 Pa. 269, 701 A.2d 190 (1997), *cert. denied,* — U.S. ——, 118 S.Ct. 1534, 140 L.Ed.2d 684 (1998).

¶ 11  To establish an ineffective assistance of counsel claim, *Pierce, supra,* and its progeny require the appellant to satisfy a three-prong inquiry: (1) whether the underlying claim is of arguable merit; (2) whether or not counsel's acts or omissions had any reasonable strategic basis designed to advance the interests of the appellant; and (3) whether there is a reasonable probability that the outcome of the proceedings would have been different, but for the errors and omissions of counsel. *Commonwealth v. Kimball*, 555 Pa. 299, 724 A.2d 326 (1999). While generally the appellant has the burden of proving all three prongs, where the appellant clearly fails to meet the prejudice prong, the court may dispose of the case on that basis alone. *Commonwealth v. Paolello*, 542 Pa. 47, 665 A.2d 439, 454 (1995).

¶ 12  Moreover, in the context of a claim of failure to call witnesses the appellant must also prove: (1) the existence and availability of the witnesses; (2) counsel's awareness of, or duty to know of the witnesses; (3) the witnesses' willingness and ability to cooperate and appear on behalf of appellant; and (4) the necessity of the proposed testimony in order to avoid prejudice. *Commonwealth v. Crawley*, 541 Pa. 408, 415, 663 A.2d 676, 679–680 (1995), *cert. denied,* 517 U.S. 1212, 116 S.Ct. 1832, 134 L.Ed.2d 936 (1996). A defendant must establish prejudice by demonstrating that he was denied a fair trial because of the absence of the testimony. *Commonwealth v. Nock*, 414 Pa.Super. 326, 606 A.2d 1380, 1382 (1992).

¶ 13  Our legislature has declared that a voluntarily inflicted drugged or intoxicated condition will not serve to exonerate or excuse criminal conduct. This declaration is embodied in 18 Pa.C.S.A. § 308, which provides:

§ 308.  **Intoxication or drugged condition**

Neither voluntary intoxication nor voluntary drugged condition is a defense to a criminal charge, nor may evidence of such conditions be introduced to negative the element of intent of the offense, except that evidence of such intoxication or drugged condition of the defendant may be offered by the defendant **whenever it is relevant to reduce murder from a higher degree to a lower degree of murder.**

18 Pa.C.S.A. § 308 (emphasis added). Mr. Williams argues that since evidence of voluntary intoxication may be offered to negate the specific intent to kill in a first-degree murder prosecution it may likewise be offered in an attempted murder in the first-degree prosecution. We disagree.

¶ 14  While this novel argument has a certain logical appeal it is nonetheless misplaced. As § 308 clearly dictates the only legal significance of the voluntary consumption of alcohol is when it "is relevant to reduce murder from a higher degree to a lower degree of murder." *Id.* In an attempted murder case the lowering of the degree is logically impossible. There simply is no such crime as attempted second or third degree murder.

¶ 15  In *Commonwealth v. Griffin,* 310 Pa.Super. 39, 456 A.2d 171 (1983) we ordered a new trial because the trial court improperly instructed the jury that it could find Mr. Griffin guilty of attempted

---

**4.** Appellant has presented a layered ineffectiveness claim by asserting that post trial and appellate counsel were also ineffective for failing to assert the ineffectiveness of trial counsel, and has thereby properly preserved this claim. *See Commonwealth v. Mays,* 450 Pa.Super. 188, 675 A.2d 724 (1996), *appeal denied,* 546 Pa. 677, 686 A.2d 1309 (1996).

first degree murder if it found an intention to commit murder of any degree. We explained why such crimes are impossible as follows:

> The question squarely presented to us is whether someone can attempt to commit murder of the second or third degree. We think not. A person commits an attempt when, *with intent to commit* a *specific* crime, he does any act which constitutes a substantial step toward the commission of that crime. 18 Pa.C.S.A. § 901. Murder of the second or third degree occurs where the killing of the victim is the unintentional result of a criminal act. Thus, an attempt to commit second or third degree murder would seem to require proof that a defendant intended to perpetrate an unintentional killing which is logically impossible. While a person who only intends to commit a felony may be guilty of second degree murder if a killing results, and a person who only intends to inflict bodily harm may be guilty of third degree murder if a killing results; it does not follow that those persons would be guilty of attempted murder if a killing did not occur. They would not be guilty of attempted murder because they did not intend to commit murder they only intended to commit a felony or to commit bodily harm.

*Id.* at 177.

¶ 16 The *Griffin* panel then cites to an example from the *Handbook on Criminal Law,* by LaFave and Scott, to further illustrate why it is necessary to prove an intent to kill in order to sustain the charge of attempted murder:

> Some crimes, such as murder, are defined in terms of acts causing a particular result plus some mental state which need not be an intent to bring about that result. Thus, if A, B, and C have each taken the life of another, A acting with intent to kill, B with an intent to do serious bodily injury, and C with a reckless disregard of human life, all three are guilty of murder because the crime

of murder is defined in such a way that any one of these mental states will suffice. However, if the victims do not die from their injuries, then only A is guilty of attempted murder; on a charge of attempted murder it is not sufficient to show that the defendant intended to do serious bodily harm or that he acted in reckless disregard of human life. Again, this is because intent is needed for the crime of attempt, so that attempted murder requires an intent to bring about that result described by the crime of murder (i.e., the death of another).

*Griffin,* 456 A.2d at 177; LaFave and Scott, *Handbook on Criminal Law,* § 59 at 428–29 (1972) (footnotes omitted). The PCRA court recognized this distinction when it opined:

> In this case, Defendant is not charged with Murder of the first degree, but rather Criminal Attempt/Criminal Homicide. Because voluntary intoxication was not available as a defense to the crimes charged, trial counsel may not be found ineffective for failing to produce evidence in support of this defense or argument or points for charge regarding this defense.

PCRA Court Memorandum Opinion, 6/5/98 at 5.

¶ 17 If we were to accept Mr. Williams' position that voluntary intoxication can serve to negate the specific intent to kill element of attempted murder we would be condoning the accused's voluntarily self-induced intoxication as a complete defense to a charge of attempted murder. Such a conclusion is contrary to the prohibition of such defense expressed in § 308. Therefore, we agree with the PCRA court that Mr. Williams' underlying claim has no arguable merit. Accordingly, trial counsel cannot be deemed ineffective for failing to pursue a meritless claim. *Commonwealth v. Showers,* 452 Pa.Super. 135, 681 A.2d 746 (1996), *appeal denied,* 546 Pa. 665, 685 A.2d 544 (1996), *cert.*

*denied,* 520 U.S. 1213, 117 S.Ct. 1698, 137 L.Ed.2d 824 (1997).[5]

¶ 18   Order affirmed.

---

**5.** We note that Mr. Williams also raises for the first time on appeal a challenge to the constitutionality of 18 Pa.C.S.A. § 308 as violative of his due process rights. Since this issue was not properly preserved it is therefore waived. *See* 42 Pa.C.S.A. § 9544(b); *Commonwealth v. Albrecht,* 554 Pa. 31, 720 A.2d 693 (1998) (holding claim not raised in the PCRA petition is waived). Moreover, this Court has previously rejected such a challenge. *Commonwealth v. Laing,* 310 Pa.Super. 105, 456 A.2d 204 (1983).