J-A14030-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRIAN R. HIPPENSTEEL | |
| Appellant | No. 1630 MDA 2014 |

Appeal from the Judgment of Sentence June 3, 2014
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-06-CR-0002715-2013

BEFORE:  BENDER, P.J.E., JENKINS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY JENKINS, J.:                     **FILED MAY 21, 2015**

Appellant Brian Hippensteel appeals from the June 3, 2014 judgment of sentence[1] entered following his jury trial convictions for criminal attempt to commit murder,[2] aggravated assault,[3] terroristic threats,[4] simple assault,[5]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Following the filing of timely post-sentence motions, the trial court amended the June 3, 2014 judgment of sentence on September 23, 2014.

[2] 18 Pa.C.S. § 901.

[3] 18 Pa.C.S. § 2702(a)(1).

[4] 18 Pa.C.S. § 2706(a)(1).

[5] 18 Pa.C.S. § 2701(a)(1).

two counts of recklessly endangering another person,[6] and two counts of criminal mischief.[7]  We affirm.

On September 21, 2013, Appellant shot the victim, Timothy Bouder, who sustained bleeding from his head.  N.T., 3/17/2014, at 13-14, 52. Appellant also hit the victim's pick-up truck, with one bullet entering near the registration and inspection stickers on the truck's windshield.  *Id.* at 19-20.  Police discovered fragments of another bullet in a nearby building.  *Id.* at 22-23.

Appellant shot the victim because the victim was in a relationship with Appellant's estranged wife.  *See, e.g.,* N.T., 3/17/2014, at 30-40.49-52.  On the day of the shooting, Appellant spent the entire day drinking beer.  *Id.* at 178-80.  Appellant claimed, although he shot the victim, he never intended to kill him.  *Id.* at 186.  He argued he was a 12-year veteran of the United States Army and received commendations as an expert marksman.  *Id.* at 166-70. He claimed he aimed toward the victim and wanted to scare him, but did not intend to kill or seriously hurt the victim.  *Id.* at 186.

On March 17, 2014, a jury trial commenced.  The jury convicted Appellant of the aforementioned crimes.  On June 3, 2014, the trial court sentenced Appellant to an aggregate sentence of 14 to 28 years'

_____

[6]  18 Pa.C.S. § 2705.

[7]  18 Pa.C.S. § 3304(a)(2).

imprisonment.[8]   Appellant filed post-sentence motions, which the trial court granted in part.   Because it had applied a mandatory minimum pursuant to 42 Pa.C.S. § 9712, the trial court found the sentence was unconstitutional pursuant to **Alleyne v. United States**, 133 S.Ct. 2151 (2013) and **Commonwealth v. Newman**, 99 A.3d 86 (Pa.Super.2014) (*en banc*).   The trial court ordered that Appellant appear for a re-sentencing hearing on September 23, 2014.   On September 23, 2014, the trial court issued the following order:   "[O]ur sentencing order of June 3, 2014, is amended to reflect the sentence imposed at Count 2, Aggravated Assault, is not a mandatory sentence."

Appellant filed a timely notice of appeal.   The trial court did not order, and Appellant did not file, a statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925.   The trial court did not issue a Rule 1925(a) opinion.[9]

_____

[8] The trial court sentenced Appellant to 14 to 28 years' imprisonment for the criminal attempt to commit murder conviction; 5 to 10 years' imprisonment for the aggravated assault conviction; 6 to 24 months' imprisonment for the terroristic threats conviction; 6 to 24 months' imprisonment for the simple assault conviction; and 1 to 24 months' imprisonment for the recklessly endangering another person conviction.   The court did not impose a sentence of imprisonment for the criminal mischief conviction.   All sentences ran concurrently.

[9] Although the trial court did not issue a Rule 1925(a) opinion, or statement in lieu thereof, we will review this appeal without remanding for the issuance of a 1925(a) opinion because the trial court addressed the issue raised on appeal in its opinion addressing Appellant's post-sentence motions.

Appellant raises the following issue on appeal:

> Since, like first degree murder, intent to kill is required to be convicted of attempted murder, is an accused entitled to a jury instruction that voluntary intoxication negates the mens rea for the charge, as it would for first degree murder?

Appellant's Brief at 5 (capitalization removed). Appellant maintains the jury should have been instructed that voluntary intoxication is a defense to attempted murder. *Id.* at 10-13. We disagree.

"[O]ur standard of review when considering the denial of jury instructions is one of deference—an appellate court will reverse a court's decision only when it abused its discretion or committed an error of law." *Commonwealth v. Baker*, 24 A.3d 1006, 1022 (Pa.Super.2011) (quoting *Commonwealth v. Galvin*, 985 A.2d 783, 798–799 (Pa.2009) (alteration in original)).

Pursuant to Pennsylvania law:

> Neither voluntary intoxication nor voluntary drugged condition is a defense to a criminal charge, nor may evidence of such conditions be introduced to negative the element of intent of the offense, except that evidence of such intoxication or drugged condition of the defendant may be offered by the defendant whenever it is relevant to reduce murder from a higher degree to a lower degree of murder.

18 Pa.C.S. § 308. This Court has found voluntary intoxication is not a defense to attempted murder. *Commonwealth v. Williams*, 730 A.2d 507, 512 (Pa.Super.1999); *accord Commonwealth v. Constant*, 925 A.2d 810 (Pa.Super.2007), *overruled on other grounds at Commonwealth v.*

*Minnis*, 83 A.3d 1047 (Pa.Super.2014). In *Williams*, we reasoned there is "no such crime as attempted second or third degree murder." *Id.* at 511. We concluded that if voluntary intoxication could:

> negate the specific intent to kill element of attempted murder[,] [the Court] would be condoning the accused's voluntarily self-induced intoxication as a complete defense to a charge of attempted murder. Such a conclusion is contrary to the prohibition of such defense expressed in § 308.

*Id.* at 512.

Appellant acknowledges that we have found voluntary intoxication is not a defense to attempted murder. Appellant's Brief at 11. He notes the Supreme Court of Pennsylvania has not addressed whether voluntary intoxication is a defense to attempted murder and argues he is seeking a limited application of the voluntary intoxication defense. *Id.* at 12-13. The *Williams* court, however, found the claim that voluntary intoxication should be a defense to attempted murder lacks merit. 730 A.2d at 511-12.

The trial court correctly refused to instruct the jury on the voluntary intoxication defense. Opinion, 8/29/2014, at A-1 – A-2.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/21/2015