J-S74011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ARCHIE WARD | |
| Appellant | No. 664 EDA 2016 |

Appeal from the PCRA Order December 9, 2010
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000002-2008

BEFORE:  OTT, J., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:              **FILED OCTOBER 12, 2016**

This is an appeal from the order of the Court of Common Pleas of Philadelphia County dismissing Appellant Archie Ward's *pro se* petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  In this *pro se* appeal, Appellant raises several claims of ineffectiveness of counsel.  After careful review, we affirm.

Appellant was charged with attempted murder, aggravated assault, recklessly endangering another person, and possession of an instrument of crime in connection with his November 9, 2007 stabbing of the victim, Julie Robinson, who is also the mother of Appellant's two children.  Appellant stabbed the victim forty-nine times, inflicting wounds on the victim's

_____

[*] Former Justice specially assigned to the Superior Court.

shoulder, stomach, chest, arms, and legs. Despite her injuries, the victim was able to escape from Appellant's attack and seek help at a neighbor's apartment, where she called police. Just minutes later, police arrested Appellant, whose clothing was covered in blood. Appellant admitted that he had stabbed the victim as she "was trying to take [his] kids away." N.T. 7/24/08, at 8-10. Afterwards, the officers discovered Appellant's bloody knife in the dirt.

On July 28, 2008, a jury convicted Appellant of the aforementioned crimes. On September 25, 2008, the trial court sentenced Appellant to ten to twenty years' imprisonment to be followed by five years' probation. Appellant filed a notice of appeal, but it was subsequently discontinued on December 18, 2008.

On November 30, 2009, Appellant filed a timely *pro se* PCRA petition.[1] The PCRA court appointed counsel, who subsequently filed a petition to withdraw and a no-merit letter pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988). The PCRA court allowed counsel to withdraw and dismissed Appellant's petition on December 9, 2010.

---

[1] A PCRA petition, including a second or subsequent petition, must be filed within one year of the date that the judgment of sentence becomes final. **See** 42 Pa.C.S. § 9545(b)(1).

On February 22, 2011, Appellant filed the instant PCRA petition, essentially asking that his PCRA appellate rights be reinstated *nunc pro tunc* as he did not receive notice that his first PCRA petition was denied. On January 29, 2016, the PCRA court reinstated Appellant's appellate rights by agreement of the parties. On February 11, 2016, Appellant filed this timely notice of appeal.

Appellant raises the following issues for our review:

1. Whether the Trial Court erred in denying Appellant's PCRA Petition where Appellant's trial counsel was ineffective for failing to preserve issues of a jury instruction on simple assault and diminished capacity.

2. Trial counsel was ineffective for failing to request a mistrial when a juror said to complainant that she was sorry for what happened to the complainant.

Appellant's Brief at 5.

In reviewing the lower court's decision to deny Appellant's PCRA petition, we examine whether the PCRA court's determination "is supported by the record and free of legal error." **Commonwealth v. Mitchell**, --- Pa. ---, 141 A.3d 1277, 1283–84 (2016). In order to be eligible for PCRA relief, the petitioner must prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated circumstances found in 42 Pa.C.S. § 9543(a)(2), which includes the ineffective assistance of counsel.

"It is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's

performance was deficient and that such deficiency prejudiced him." **Commonwealth v. Koehler**, 614 Pa. 159, 36 A.3d 121, 132 (2012) (citing **Strickland v. Washington**, 466 U.S. 688, 687-91 (1984)). To prevail on an ineffectiveness claim, the petitioner has the burden to prove that "(1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance." **Commonwealth v. Sneed**, 616 Pa. 1, 17, 45 A.3d 1096, 1106 (2012) (quoting **Commonwealth v. Pierce**, 567 Pa. 186, 786 A.2d 203, 213 (2001)). "A petitioner establishes prejudice when he demonstrates "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." **Commonwealth v. Johnson**, 600 Pa. 329, 345–46, 966 A.2d 523, 532–33 (2009) (quoting **Strickland,** 466 U.S. at 694). The failure to satisfy any one of the three prongs will cause the entire claim to fail. **Sneed**, 616 Pa. at 18, 45 A.3d at 1106 (citation omitted).

First, Appellant claims that counsel was ineffective in failing to seek jury instructions on simple assault and diminished capacity. While generally criminal defendants are entitled to instructions they request, our Supreme Court has emphasized that the defendant "must, therefore, establish that the trial evidence would reasonably support a verdict based on the desired charge and may not claim entitlement to an instruction that has no basis in the evidence presented during trial." **Commonwealth v. Hairston**, 624 Pa.

143, 163, 84 A.3d 657, 668, *cert. denied sub nom.* **Hairston v. Pennsylvania**, 135 S. Ct. 164, 190 L. Ed. 2d 118 (2014) (citation omitted) (concluding that the appellant was not entitled to an instruction on second-degree felony murder in his prosecution for first-degree murder when the record did not show he killed the victims in the course of committing a felony). The Supreme Court explained that "instructing the jury on legal principles that cannot rationally be applied to the facts presented at trial may confuse them and place obstacles in the path of a just verdict." **Id**.

We agree with the trial court's assessment that there was no evidence to support a charge of simple assault when Appellant stabbed the victim forty-nine times, inflicting wounds on her chest, stomach, shoulders, arms, and legs. Given these circumstances, no jury would rationally convict Appellant of simple assault instead of aggravated assault for this violent attack. **See** 18 Pa.C.S. § 2702(a)(1),(4) (aggravated assault occurs when a defendant attempts to cause serious bodily injury or intentionally causes bodily injury with a deadly weapon).

In a similar manner, although Appellant claims he was under the influence of PCP when he attacked the victim, a jury charge on voluntary intoxication was not warranted. Our courts have made clear that "a defense of diminished capacity grounded in voluntary intoxication is a very limited defense, which does not exculpate the defendant from criminal liability, but, if successfully advanced, mitigates first-degree murder to third-degree

murder." ***Commonwealth v. Bardo***, 629 Pa. 352, 415, 105 A.3d 678, 716

(2014). Our Legislature has consistently provided the following:

> Neither voluntary intoxication nor voluntary drugged condition is a defense to a criminal charge, nor may evidence of such conditions be introduced to negative the element of intent of the offense, except that evidence of such intoxication or drugged condition of the defendant may be offered by the defendant whenever it is relevant to reduce murder from a higher degree to a lower degree of murder.

18 Pa.C.S. § 308. This Court has specifically held that voluntary intoxication

is not available as a defense to a charge of attempted murder. ***See***

***Commonwealth v. Williams***, 730 A.2d 507, 511 (Pa.Super. 1999). As a

result, Counsel cannot be found ineffective for failing to raise meritless

claims. ***Commonwealth v. Staton***, --- Pa. ---, 120 A.3d 277, 284 (2015).

Appellant also claims counsel was ineffective in failing to ask for a

mistrial after the prosecutor reported to the trial court that a jury member

was overheard expressing sympathy to the victim, stating, "I'm really sorry

for what happened to you." N.T. Trial, 7/28/08, at 11-13. On direct review,

our courts evaluate a trial court's denial of a motion for a mistrial pursuant

to an abuse of discretion standard. More specifically,

> [*E*]x parte contact between jurors and witnesses is viewed with disfavor. ***Commonwealth v. Brown***, 567 Pa. 272, 786 A.2d 961, 972 (2001). There is, however, no *per se* rule in this Commonwealth requiring a mistrial anytime there is improper or inadvertent contact between a juror and a witness. ***See*** ***Commonwealth v. Mosley***, 535 Pa. 549, 637 A.2d 246, 249 (1993) (declining to adopt *per se* rule which would require disqualification of juror anytime there is *ex parte* contact between that juror and witness). Whether such contact warrants

a mistrial is a matter addressed primarily to the discretion of the trial court. **Brown**, 786 A.2d at 972 (citation omitted).

**Commonwealth v. Szakal**, 50 A.3d 210, 220 (Pa.Super. 2012) (quoting **Commonwealth v. Tharp**, 574 Pa. 202, 830 A.2d 519, 532–33 (2003)). Moreover, the defendant must show that he was prejudiced by the juror's contact with the witness.

In this case, the PCRA court concluded that trial counsel had a strategic basis for choosing not to request a mistrial as counsel noted on the record that he was pleased with the way the case had been presented and wished to proceed to a verdict. N.T. Trial, 7/28/08, at 11-13. Before doing so, trial counsel discussed this decision with Appellant and conducted an oral colloquy in which Appellant agreed on the record to this strategy despite the juror's remarks. **Id**. We note that Appellant does not show how he was prejudiced by the juror's remark when he admitted that he repeatedly stabbed the victim and the only issue at trial was what crime Appellant would be convicted of for the attack. As Appellant was not deprived of a fair trial, counsel cannot be deemed ineffective in failing to request a mistrial. **See Staton**, **supra**.

For the foregoing reasons, we affirm the PCRA court's order dismissing Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/12/2016