J-S75035-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| QUENTIN D. MATHEWS | : | |
| | : | |
| Appellant | : | No. 1085 WDA 2019 |

Appeal from the PCRA Order Entered October 22, 2018
In the Court of Common Pleas of Mercer County Criminal Division at
No(s):  CP-43-CR-0001629-2015,
CP-43-CR-0001638-2015

BEFORE:  STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    FILED FEBRUARY 4, 2020

Quentin D. Mathews (Mathews) appeals[1] from the order of the Court of

Common Pleas of Mercer County (PCRA court) denying his first petition filed

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Mathews filed a single notice of appeal listing two docket numbers.  As a result, this court issued a rule to show cause why the appeal should not be dismissed pursuant to Commonwealth v. Walker, 185 A.3d 969 (Pa. 2018).  Mathews responded to the rule on August 15, 2019, and this court subsequently discharged the rule but noted that the issue may be revisited by the merits panel.  Our review of the record reveals that the PCRA court's October 22, 2018 order denying the petition specifically instructed Mathews that he had 30 days "to file an appeal to the Superior Court challenging this ruling."  See Order Denying PCRA Petition, 10/22/18, at 4.  The order lists both docket numbers.  Id. at 1.  Thus, even though the PCRA petition raised issues related to two different cases, the PCRA court's order directed Mathews to file a single notice of appeal.  Under these circumstances, a breakdown in operations of the court excuses Mathews' failure to comply with Walker.  See Commonwealth v. Stansbury, 219 A.3d 157, 160 (Pa. Super. 2019).

pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541-9546. Mathews alleges that plea counsel rendered ineffective assistance and that his guilty plea was not knowingly, voluntarily and intelligently entered. We affirm.

I.

On October 17, 2015, Mathews was seated in the passenger seat of a vehicle discussing a drug transaction with two individuals who were in the back seat. He was under the influence of alcohol and drugs. After a disagreement, Mathews fired a gun at the two individuals, hitting one in the face and arm and the other in the back. Mathews fled the scene and was not immediately apprehended. As a result of this incident, Mathews was charged at docket number 1629-2015 with two counts of attempted homicide, two counts of aggravated assault, one count of possession of a firearm prohibited, and two counts of recklessly endangering another person.[2]

On October 27, 2015, Mathews was involved in another argument regarding a drug transaction and he began "wrestling" or "tussling" with the victim. Notes of Testimony, Plea Hearing ("PH"), 7/12/16, at 26. During this altercation, Mathews shot the victim in the forearm. He was also under the influence of drugs and alcohol during this incident. He was subsequently charged at docket number 1638-2015 with four counts of aggravated assault, one count of burglary, three counts of Robbery, three counts of unlawful

_____

[2] 18 Pa.C.S. § 901(a), 2502(a), 2702(a)(1), 6505(a)(1), & 2705.

- 2 -

restraint, three counts of terroristic threats, three counts of recklessly endangering another person, one count of theft by unlawful taking, and three counts of simple assault.[3]

On July 12, 2016, Mathews entered into a global plea agreement disposing of both cases. At docket number 1629-2015, Mathews pled guilty to one count of attempted homicide and one count of aggravated assault. He agreed to sentences of 10 to 20 years on each count to be imposed concurrently. At docket number 1638-2015, he pled guilty to one count of aggravated assault and agreed to a sentence of 10 to 20 years, to be imposed consecutively to the sentence at docket number 1629-2015. The Commonwealth nolle prossed the remaining charges at both docket numbers. On November 2, 2016, Mathews proceeded to sentencing and the PCRA court imposed the agreed-upon aggregate sentence of 20-40 years' imprisonment. He did not file a direct appeal.

On August 22, 2017, Mathews timely filed a pro se PCRA petition. The PCRA court appointed him counsel, and on May 29, 2018, counsel filed an amended petition arguing that trial counsel was ineffective because she did not provide Mathews with all information necessary for him to enter a knowing and intelligent guilty plea.

_____

[3] 18 Pa.C.S. § 2702(a)(1), (4); 3502(a)(1); 3701(a)(1)(i), (ii); 2902(a)(1); 2706(a)(1); 2705; 3921(a); & 2701(a)(1), (3).

The PCRA court held an evidentiary hearing on October 22, 2018, at which Mathews, his trial counsel, and the original prosecutor on the cases testified. Mathews testified that trial counsel did not sufficiently discuss the discovery with him before he entered his plea so he did not know there was evidence he could have used to argue self-defense or voluntary intoxication. Notes of Testimony, 10/22/18, at 6, 16, 20-21. He said that he never met with trial counsel in person before his plea and he only spoke with her via teleconference on four occasions. He felt that trial counsel bullied him into entering the plea because if he had been found guilty at trial, he could have been sentenced to life imprisonment under the career offender statute.[4] Finally, he averred that trial counsel did not conduct a thorough investigation of the charges or file any appropriate pre-trial motions.

When cross-examined about his responses to the guilty plea colloquy, Mathews stated, "In order to get a plea bargain, I definitely had to agree to things that day or they wouldn't accept the plea. Once again, I was definitely—or felt bullied and that is why I took the plea." Id. at 14. The PCRA court questioned Mathews further regarding how he was bullied by trial

_____

[4] Due to two prior robbery convictions, if Mathews had been convicted of any of the crimes of violence at trial, the Commonwealth would have sought the mandatory minimum "three-strike" sentence of 25 years or up to life imprisonment, consecutively at each count. Notes of Testimony, 10/22/18, at 78-79; see also 42 Pa.C.S. § 9714(a)(2).

counsel and he responded that he felt compelled to plead guilty because he did not believe trial counsel was prepared to try the case. Id. at 32.

Trial counsel testified regarding her investigation and strategy. She felt that the vehicle shooting was a strong case, as three witnesses to the shooting testified at the preliminary hearing that Mathews had shot the two backseat passengers. She testified that an appointed investigator contacted or attempted to contact all of the witnesses Mathews identified, and she reviewed the discovery and discussed defenses with Mathews via teleconference. She also advised Mathews that self-defense would not be a credible or successful strategy because he would have to testify about his role in the shooting, the victims were shot multiple times, and one of the victims was shot in the back while trying to flee the vehicle. She advised him that voluntary intoxication would not be a strong defense because it would only apply to the attempted homicide, but he would still face the career offender minimum sentences for the aggravated assaults. Finally, she did not think there was any non-frivolous basis for the pre-trial motions Mathews had requested.

Regarding the second shooting, trial counsel believed that even though it was the weaker of the two cases, if all the witnesses to the purported robbery and shooting appeared for trial and testified consistently with their earlier statements, there was a high likelihood of conviction. Again, Mathews faced the career offender minimum sentence on several of the counts in that case. Mathews did not request additional investigation into the circumstances

of this case and trial counsel testified that she reviewed the discovery and discussed it with him when they were discussing his other case.

Trial counsel testified that she did not receive the global plea offer until the night before jury selection was scheduled to begin at docket number 1629-2015. She had already prepared the case for trial and continued to prepare, as she did not expect Mathews to accept the plea. Mathews had previously offered to enter a plea to 10 to 20 years, which the Commonwealth rejected. On the morning of trial, trial counsel explain the plea offer to Mathews and discussed the likely sentence if he were convicted at trial. Mathews ultimately elected to enter the plea. Prior to sentencing, co-counsel met with Mathews to answer his questions about filing a motion to withdraw his plea, but Mathews ultimately decided not to do so.

Finally, the prosecutor on the cases testified that the Commonwealth had given notice that it intended to seek the "three-strike" mandatory minimum sentences if Mathews was convicted at trial. The mandatory minimum would have included consecutive minimum sentences of 25 years and up to life imprisonment. If he had been convicted of all charges on both cases, Mathews could have been sentenced to 200 years to life in prison.

Following the reception of evidence, the PCRA court found that trial counsel had rendered effective assistance, that she had conducted an adequate investigation of the cases, and that there were no potentially meritorious motions that she had failed to file. It further found that trial

counsel discussed the plea and potential defenses with Mathews and, given the mandatory minimum sentences, had a substantial tactical basis for recommending that he enter a plea. Thus, it denied the petition. After Mathews' direct appeal rights were reinstated, he filed a timely notice of appeal. Mathews and the PCRA court have complied with Pa.R.A.P. 1925.

## I I.

Mathews argues that the PCRA court erred in ruling that his plea was knowingly, voluntarily and intelligently entered and that trial counsel was not ineffective.[5] We disagree.

## A.

"[T]o succeed on an ineffectiveness claim, a petitioner must demonstrate that: the underlying claim is of arguable merit; counsel had no reasonable basis for the act or omission in question; and he suffered prejudice as a result[.]" Commonwealth v. Laird, 119 A.3d 972, 978 (Pa. 2015) (citations omitted). "[F]ailure to prove any of these prongs is sufficient to warrant dismissal of the claim without discussion of the other two." Commonwealth v. Robinson, 877 A.2d 433, 439 (Pa. 2005) (citation omitted).

---

[5] "Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine 'whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.'" Commonwealth v. Barndt, 74 A.3d 185, 191-92 (Pa. Super. 2013) (quoting Commonwealth v. Garcia, 23 A.3d 1059, 1061 (Pa. Super. 2011)).

> [C]laims of counsel's ineffectiveness in connection with a guilty plea will provide a basis for relief only if the ineffectiveness caused an involuntary or unknowing plea. . . . The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily and intelligently made.
>
> Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. Therefore, where the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established. A defendant is bound by the statements he makes during his plea colloquy, and may not assert grounds for withdrawing the plea that contradict statements made when he pled.

Commonwealth v. McCauley, 797 A.2d 920, 922 (Pa. Super. 2001) (citations omitted).

To determine whether a plea was knowingly, voluntarily and intelligently entered, the court must inquire into six areas. See Pa.R.Crim.P. 590, cmt (plea court must question the defendant regarding whether he understands the nature of the charges, the factual basis for the plea, his right to a jury trial, the presumption of innocence, the permissible sentencing ranges, and that the court has the right to reject the agreement). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." Commonwealth v. Moser, 921 A.2d 526, 531 (Pa. Super. 2007) (internal quotations and citation omitted).

B.

The record supports the PCRA court's finding that Mathews was fully informed about the consequences of his plea, discussed possible defenses with trial counsel and with the court, and knowingly, voluntarily and intelligently elected to plead guilty. The guilty plea transcript reveals that the PCRA court questioned Mathews extensively on the areas specified in Pa.R.Crim.P. 590. See PH at 8-30. The PCRA court also directly questioned Mathews regarding his waiver of the defenses of intoxication[6] and self-defense. Id. at 21, 30-33. Mathews affirmed that he understood the charges and their factual basis, his right to present a defense, and the agreed-upon sentence. He further testified that he had not been coerced, threatened or promised anything in exchange for his plea. He is bound by these statements that he made under oath at his plea hearing, and he cannot now seek relief on the basis that his statements were false. See McCauley, supra. Thus, the record does not support Mathews' claim that he was not informed of possible defenses or the evidence against him or that he was bullied into entering a plea.

Further, the PCRA court credited trial counsel's testimony that she evaluated the potential defenses and evidence against Mathews and determined that there was a low likelihood of success at trial. The PCRA court

_____

[6] We note that voluntary intoxication is not a defense to attempted first-degree murder, Commonwealth v. Williams, 730 A.2d 507, 511 (Pa. Super. 1999), and trial counsel cannot be ineffective for failing to argue a meritless claim, Commonwealth v. Rivera, 816 A.2d 282, 292 (Pa. Super. 2003).

found that Mathews' requested suppression and habeas corpus motions would have been frivolous, as Mathews did not make any statements to police, no searches were conducted, and all victims testified at the preliminary hearings. The PCRA court further found credible trial counsel's testimony that an investigator contacted or attempted to contact all potential witnesses that Mathews identified. Based on this investigation and all of the evidence adduced in discovery and at the preliminary hearings, she advised Mathews that a plea to 20 to 40 years was more favorable than the sentence he would face if convicted at trial. Due to Mathews' two prior robbery convictions, if he had been convicted of even a single aggravated assault or attempted homicide charge arising out of the two shootings, he would have been sentenced to a mandatory minimum of 25 years and up to life in prison without parole. See 42 Pa.C.S. § 9714(a)(2). The record supports the PCRA court's finding that trial counsel's advice was well within the range of competence expected of a defense attorney. As such, the PCRA court did not err in denying the petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/4/2020

- 10 -