J-S28015-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DANIELLE NICOLE KLINE :
:
Appellant : No. 258 WDA 2023

Appeal from the Judgment of Sentence Entered January 5, 2023
In the Court of Common Pleas of Butler County
Criminal Division at No(s): CP-10-CR-0000279-2022

BEFORE: PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.*

MEMORANDUM BY PANELLA, P.J.: **FILED: October 13, 2023**

Danielle Nicole Kline appeals from the judgment of sentence imposed following her guilty plea to attempted homicide and robbery. Additionally, Kline's counsel, Benjamin Levine, Esquire, has filed a brief pursuant **Anders v. California**, 386 U.S. 738 (1967), and a petition to withdraw from representation. After careful review, we deny Attorney Levine's petition to withdraw and remand for further proceedings pursuant to Pa.R.A.P. 1925(c)(4).

When she pleaded guilty, Kline admitted that on February 15, 2022, she stabbed Jessica Brown in the abdomen and took $80 cash from her. During the commission of the crime, Kline dropped her purse, which Brown picked up

_____

* Former Justice specially assigned to the Superior Court.

and provided to the police. Kline's identification was in the purse and Brown confirmed that Kline stabbed her.

The police arrested Kline and the Commonwealth charged her with numerous crimes. On November 2, 2022, Kline entered a negotiated guilty plea to attempted homicide and robbery wherein the parties agreed to a sentence of 72 to 154 months in prison on the attempted homicide charge and a concurrent term of 60 to 120 months on the robbery charge. The trial court accepted the entry of the plea and scheduled sentencing for January 5, 2023. Prior to sentencing, upon an oral motion by the Commonwealth, the trial court amended the attempted homicide count in the criminal information to attempted murder – murder of the second degree. Subsequently, on January 5, 2023, the trial court sentenced Kline in accordance with the plea agreement. Relevant herein, the sentencing order states that Kline was sentenced for "Criminal Attempt/Homicide (F1)" and there is no mention of the amended count of attempted second-degree murder. Nevertheless, the criminal docket states that Kline pleaded guilty and was sentenced for "Criminal Attempt – Murder of the Second Degree." Likewise, the court commitment document stated that Kline was sentenced on the offense of "Criminal Attempt – Murder Of The Second Degree."

Although she was counseled, Kline filed a *pro se* notice of appeal and a motion to withdraw her guilty plea.[1] Kline's plea counsel filed a motion to withdraw as counsel, which the trial court granted. Subsequently, the trial court appointed Attorney Levine to represent Kline on appeal. Attorney Levine then filed a statement of intent to file **Anders** brief.

On appeal, Attorney Levine has filed an **Anders** brief. Attorney Levine also filed a petition to withdraw as counsel with this Court on May 12, 2023. Kline filed neither a *pro se* brief, nor retained alternate counsel.[2]

We must first determine whether Attorney Levine has complied with the dictates of **Anders** in petitioning to withdraw from representation. **See Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*) (stating that "[w]hen faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." (citation omitted)). Pursuant to **Anders**, when an attorney believes that an appeal is frivolous and wishes to withdraw as counsel, he or she must

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal

---

[1] The trial court did not address Kline's motion to withdraw her guilty plea. Instead, the trial court forwarded a copy of the motion to Kline's attorney, pursuant to Pa.R.Crim.P. 576(a)(4).

[2] We note that in her *pro se* notice of appeal, Kline argued that plea counsel misled her and improperly induced the guilty plea. However, Kline did not respond to Attorney Levine's petition to withdraw from representation.

- 3 -

would be frivolous; (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention.

***Commonwealth v. Burwell***, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citations omitted).

Additionally, the Pennsylvania Supreme Court has determined that a proper ***Anders*** brief must

(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).

Here, Attorney Levine has complied with the requirements set forth in ***Anders*** by indicating that he examined the record and determined that an appeal would be frivolous. Further, Attorney Levine's ***Anders*** brief meets the standards set forth in ***Santiago***, by setting forth his conclusions that Kline's claims are frivolous and her ineffectiveness claims must be raised in a timely petition for post-conviction relief. Finally, Attorney Levine provided a letter to Kline, informing her of his intention to withdraw as counsel, and advising Kline of her rights to retain new counsel, proceed *pro se*, and file additional claims. Because Attorney Levine has satisfied the technical requirements for withdrawing from representation, we will independently review the record to

determine whether Kline's appeal is, in fact, wholly frivolous. **See Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007) (stating that once an appellate court determines that counsel's petition and brief satisfy **Anders**, the court must then conduct its own review of the appeal to determine if it is wholly frivolous).

Based upon our independent review of the certified record on appeal, we conclude that, contrary to Attorney Levine's representation, Kline's appeal is not wholly frivolous, as there is arguably a non-frivolous issue related to the legality of Kline's sentence.[3] Namely, although Kline pleaded guilty to attempted homicide, the trial court amended the criminal information prior to sentencing to reflect that the attempted homicide charge was an attempted second-degree murder charge. It is well-settled that, in Pennsylvania, "[t]here simply is no such crime as attempted second … degree murder." **Commonwealth v. Williams**, 730 A.2d 507, 511 (Pa. Super. 1999); **see also Commonwealth v. Mitchell**, 135 A.3d 1097, 1101 n.2 (Pa. Super. 2016) (stating that "one cannot attempt to commit felony murder because an attempt is a specific intent crime").

---

[3] Attorney Levine also notes that there are no jurisdictional issues and any ineffectiveness claims must be raised in a timely PCRA petition. In this regard, we agree that a jurisdictional claim would be wholly frivolous, and that Kline is free to raise any purported ineffective assistance of counsel claims on collateral review.

We acknowledge that the sentencing order does not specify that the trial court sentenced Kline on an attempted second-degree murder conviction. ***See Commonwealth v. Willis***, 68 A.3d 997, 1010 (Pa. Super. 2013) (reiterating the rule that written sentence generally controls where discrepancy exists between sentence as written and sentence as orally pronounced). However, the trial court's docket entry and the court commitment document both indicate that the sentence was imposed for an attempted-second degree murder conviction. Moreover, as highlighted above, the trial court explicitly amended the criminal information to reflect that the attempted homicide was an attempted second-degree murder charge *prior* to sentencing. Plainly, a defendant cannot be charged, convicted, or sentenced to attempted second-degree murder. ***See Commonwealth v. McIntyre***, 232 A.3d 609, 616 (Pa. 2020) (stating that "a trial court is not empowered under our Commonwealth's Sentencing Code to sentence an individual for a non-existent criminal offense."). Accordingly, since the record is at least ambiguous as to the nature of the sentence, there is an arguably meritorious legality of sentence claim capable of being addressed on appeal.

Because there is an arguably meritorious issue for review, we remand this case to the trial court for the filing of a supplemental Pa.R.A.P. 1925(b) statement and the issuance of an opinion pursuant to Pa.R.A.P. 1925(a). ***See*** Pa.R.A.P. 1925(c)(4) (noting that where counsel files an ***Anders*** brief and petition to withdraw representation, "[i]f the appellate court believes there are

arguably meritorious issues for review, those issues will not be waived; instead, the appellate court shall remand for the filing and service of a Statement pursuant to Pa.R.A.P. 1925(b), a supplemental opinion pursuant to Pa.R.A.P. 1925(a), or both."); *see also Commonwealth v. Stroud*, 298 A.3d 1152, 1158 (Pa. Super. 2023). Notably, "[u]pon remand, the trial court may, but is not required to, replace [Kline's] counsel." Pa.R.A.P. 1925(c)(4). Kline shall then have 30 days after docketing of the trial court's Rule 1925(a) opinion to file an advocate's brief in this Court. *See Commonwealth v. Kearns*, 896 A.2d 640, 647 (Pa. Super. 2006) (denying counsel's petition to withdraw and directing the filing of an advocate's brief on behalf of appellant). The Commonwealth thereafter shall have 30 days from the filing of Kline's brief to file a brief. *See id.*

Petition to withdraw denied. Case remanded with instructions. Jurisdiction retained.