J-S63037-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BRANDAN CALLUM, | : | |
| | : | |
| Appellant | : | No. 2446 EDA 2018 |

Appeal from the Judgment of Sentence Entered July 19, 2018
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008254-2017

BEFORE:  GANTMAN, P.J.E., MURRAY, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED JANUARY 07, 2020**

Brandan Callum (Appellant) appeals from the July 19, 2018 judgment of sentence of concurrent terms of life imprisonment following his convictions for, *inter alia*, first-degree murder and conspiracy to commit murder.  Upon review, we affirm in part and amend the sentence imposed for conspiracy to commit murder.

Briefly, on June 1, 2017, Appellant was charged with murder and related offenses in connection with the shooting death of Tymir Outlaw.  On July 19, 2018, following a jury trial, Appellant was convicted of first-degree murder, conspiracy to commit murder, carrying a firearm without a license, carrying a firearm in public in Philadelphia, and possession of an instrument of crime.  That same day, Appellant was sentenced to concurrent terms of life imprisonment for first-degree murder and conspiracy to commit murder,

_____

* Retired Senior Judge assigned to the Superior Court.

with no further penalty imposed at the remaining charges. Appellant timely filed a post-sentence motion. The trial court denied Appellant's motion, and this timely-filed notice of appeal followed.[1]

On appeal, Appellant argues only that his sentence of life imprisonment for the conspiracy conviction exceeds the lawful maximum sentence of 40 years, and therefore requests this Court remand for resentencing. Appellant's Brief at 3, 14. This claim challenges the legality of Appellant's sentence. Although raised for the first time in his appellate brief, "challenges to an illegal sentence can never be waived and may be reviewed *sua sponte* by this Court" so long as we have jurisdiction. ***Commonwealth v. Tanner***, 61 A.3d 1043, 1046 (Pa. Super. 2013) (citation omitted). Therefore, we find this claim properly before us and begin with our well-settled standard of review.

"Issues relating to the legality of a sentence are questions of law[.] … Our standard of review over such questions is *de novo a*nd our scope of review is plenary." ***Commonwealth v. Cardwell***, 105 A.3d 748, 750 (Pa. Super. 2014) (citation omitted). "[A] sentence that exceeds the statutory maximum is illegal. If a court imposes a sentence outside of the legal parameters prescribed by the applicable statute, the sentence is illegal[.]" ***Commonwealth v. Infante***, 63 A.3d 358, 363 (Pa. Super. 2013) (citations

---

[1] Both Appellant and the trial court complied with Pa.R.A.P. 1925. Appellant has abandoned the claims raised in his concise statement in favor of an illegal sentencing claim, which will be discussed *infra*.

and quotation marks omitted). Section 1102 of the Crimes Code governs the maximum sentence permissible for a conviction of conspiracy to commit murder.

> Notwithstanding section 1103(1)[, which is not relevant here,] a person who has been convicted of attempt, solicitation or conspiracy to commit murder[] where serious bodily injury results may be sentenced to a term of imprisonment which shall be fixed by the court at not more than 40 years. Where serious bodily injury does not result, the person may be sentenced to a term of imprisonment which shall be fixed by the court at not more than 20 years.

18 Pa.C.S. § 1102(c).

Here, Appellant was found guilty of conspiracy to commit murder in connection with the shooting death of Outlaw. The maximum permissible sentence for his conspiracy to commit murder conviction was 40 years. Accordingly, we agree with Appellant that his sentence of life imprisonment for conspiracy to commit murder is illegal.

While the Commonwealth agrees that Appellant's sentence is illegal, the Commonwealth asks this Court to impose a concurrent sentence of 20 to 40 years of imprisonment instead of remanding for a new sentencing hearing. *See* Commonwealth's Brief at 5-6. The Commonwealth argues that because the vacated sentence of life imprisonment was set to run concurrently with Appellant's sentence of life imprisonment for murder, vacating and imposing a new concurrent sentence would not disrupt the overall sentencing scheme. *Id.* We agree. Instead of remanding for resentencing, this Court will amend the sentence imposed for Appellant's

- 3 -

conspiracy to commit murder conviction to the statutory maximum concurrent term of 40 years of incarceration, consistent with 18 Pa.C.S. § 1102(c). *See Commonwealth v. Eberts*, 422 A.2d 1154, 1156 (Pa. Super. 1980) (*per curiam*) ("Where a case requires a correction of sentence, this [C]ourt has the option of either remanding for resentencing, or amending the sentence directly."); *Commonwealth v. Thur*, 906 A.2d 552, 569-70 (Pa. Super. 2006) (declining to remand because vacating Thur's sentence did not disrupt the overall sentencing scheme where the sentence was concurrent and vacating did not change the aggregate length of incarceration).

Accordingly, we amend the sentence of life imprisonment for conspiracy to commit murder to a concurrent term of 20 to 40 years of incarceration. Judgment of sentence affirmed in all other respects.

Convictions affirmed. Judgment of sentence amended in part and affirmed in part. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/7/20