J-S35005-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CAINE SHEPPARD PELZER | : | |
| | : | |
| Appellant | : | No. 1670 MDA 2021 |

Appeal from the Judgment of Sentence Entered November 15, 2021
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0001989-2001

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED FEBRUARY 17, 2023**

Appellant, Caine Sheppard Pelzer, appeals *pro se* from the judgment of
sentence of 17 to 34 years of incarceration entered following our remand for
resentencing in ***Commonwealth v. Pelzer***, No. 1279 MDA 2019, unpublished
memorandum (Pa. Super. filed May 26, 2021).  We affirm.

We previously summarized the basic factual history as follows:

Appellant was arrested in connection with an incident at the home
of Mr. Joseph Banaszek on February 17, 2001.  On that night[,]
Appellant and two other males, all of whom were wearing masks,
entered Mr. Banaszek's home without permission.  The intruders
threatened him with their guns and also used physical force before
tying him up with tape, as they stole various items from the
apartment.  During the robbery, three friends of Mr. Banaszek also
arrived and were similarly subdued.  The masked men left with
several items belonging to Mr. Banaszek including an ATM banking
card, as well as the wallets and credit cards of his three friends.

_____

[*] Former Justice specially assigned to the Superior Court.

> The victims were able to identify Appellant because all of them were involved with the same semi-professional football team, either as players or fans, and knew Appellant as the quarterback. When Appellant was arrested[,] he had several bank cards in his possession which belonged to Mr. Banaszek and his friends.

*Id.* at 1-2 (footnote omitted).

Appellant was charged with thirty-one separate counts. As relevant to the challenges herein, Appellant was charged with four counts of recklessly endangering another person, one for each of the victims. 18 Pa.C.S. § 2705 ("REAP"). The Commonwealth also charged Appellant with violating the following subsections of the robbery statute as to each victim, for a total of sixteen counts of robbery.

**(a) Offense defined.--**

(1) A person is guilty of robbery if, in the course of committing a theft, he:

. . . .

(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury;

(iii) commits or threatens immediately to commit any felony of the first or second degree;

(iv) inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury;

(v) physically takes or removes property from the person of another by force however slight; ….

18 Pa.C.S. § 3701(a)(1)(ii)-(v).

The parties proceeded to a jury trial, where Appellant presented an alibi defense. Appellant's motion for judgment of acquittal as to two counts was granted. At count fourteen, the trial court granted the motion with respect to

violating 18 Pa.C.S. § 6105(a)(1), because the Commonwealth failed to provide evidence that Appellant was previously convicted of a crime that barred his possession of a firearm. **See** 18 Pa.C.S. § 6105 (pertaining to "[p]ersons not to possess, use, manufacture, control, sell or transfer firearms"). At count fifteen, which charged Appellant with carrying a firearm without a license in violation of 18 Pa.C.S. § 6106, the trial court stated that there was no evidence that Appellant ever concealed the firearm at any point.

Appellant was ultimately convicted of twenty-two counts and sentenced on April 15, 2002, to an aggregate term of 22 to 44 years' imprisonment, which included the imposition of a mandatory minimum sentence pursuant to 42 Pa.C.S. § 9712(a) for visibly possessing a firearm during the robbery. That statute was later held unconstitutional in **Commonwealth v. Valentine**, 101 A.3d 801, 812 (Pa. Super. 2014) (citing **Alleyne v. United States**, 570 U.S. 99 (2013) (holding that any fact that increases the mandatory minimum sentence is an element that must be submitted to the jury and found beyond a reasonable doubt)).

Appellant filed a notice of appeal, seeking to raise one claim: that his trial counsel ineffectively failed to present additional alibi witnesses, as well as obtaining phone records to support the offered alibi defense. During the pendency of that appeal, our Supreme Court decided **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002), which held that ineffective assistance of counsel claims should generally not be addressed on direct appeal. We were constrained to affirm the judgment of sentence without prejudice to

Appellant's ability to pursue the claim in collateral proceedings. Appellant did not petition for further review with our Supreme Court, and his judgment of sentence became final on June 6, 2003.

The matter returned to our Court several times over the next 16 years. Appellant did not seek collateral relief until April 1, 2008, arguing that his petition met a timeliness exception based on attorney abandonment. The PCRA court held an evidentiary hearing and deemed the petition untimely. We remanded for the court to reevaluate the petition due to new evidence. *Commonwealth v. Pelzer*, No. 940 MDA 2009, unpublished memorandum (Pa. Super. filed May 18, 2011). The PCRA court denied relief on remand and reinstated its original order, and we affirmed by memorandum decision issued July 14, 2014. *Commonwealth v. Pelzer*, No. 1445 MDA 2013, unpublished memorandum (Pa. Super. filed July 14, 2014). Appellant filed a petition for a writ of *habeas corpus* in the United States District Court for the Middle District of Pennsylvania on January 30, 2015. *See Pelzer v. Mahally,* 388 F. Supp.3d 366, 371 (M.D. Pa. 2019). The district court issued a conditional writ of *habeas corpus*, directing the Commonwealth to release Pelzer unless it reinstated his appellate and post-conviction rights.

Following reinstatement of his rights, Appellant pursued his direct appeal. On May 26, 2021, we affirmed Appellant's convictions but vacated the judgment of sentence since Appellant's mandatory minimum sentence was unconstitutional, as the reinstatement of appellate rights entitled Appellant to

the benefit of the ***Valentine*** decision. We thus remanded for resentencing. ***Pelzer***, No. 1279 MDA 2019, ***supra***.

On remand, Appellant waived his right to an attorney and chose to represent himself. He was thereafter resentenced to an aggregate term of 17 to 34 years' imprisonment. As relevant to Appellant's claims, the trial court imposed sentences on the four violations of Section 3701(a)(1)(ii), determining that the sentences for all other robbery convictions merged. Additionally, the trial judge imposed a sentence on some of the REAP and unlawful restraint counts, rejecting Appellant's claims that the crimes merged with Section 3701(a)(1)(ii). Appellant now appeals from the judgment of sentence entered on remand, raising the following issues for our review:

> 1. Whether the [t]rial [c]ourt erred when it imposed consecutive sentences upon [Appellant] for convictions of multiple counts of reckless[ly] endangering another person and unlawful restraint[,] which were included in the robbery offenses as charged and subsumed within the other, constituting an illegal sentence?
>
> 2. Whether [Appellant] could be convicted under all grades of robbery, and if so, whether all other felonies of the first and second degree would be subsumed under the robbery charge 3701(iii) [*sic*] by the plain language of the elements which calls for merging any and all felonies of the first degree at sentencing?
>
> 3. Whether the [t]rial [c]ourt erred and abused its discretion in violation of the double jeopardy clause to the Pa. and U.S. Constitutions as well as 204 Pa Code subsection 303.10[,] when it enhanced [Appellant]'s sentence by allowing the Commonwealth to change its position to utilize the Deadly Weapon Enhancement "USED" sentencing guidelines as opposed to the Deadly Weapon Enhancement "POSSESSED" [sentencing guidelines,] which was previously rejected when [Appellant] was acquitted of various firearms charges [and] ultimately increased every sentence [Appellant] received?

Appellant's Brief at 4.

Appellant's first issue argues that the sentences for REAP and unlawful restraint should have merged with the robbery convictions. We disagree.

Our General Assembly has directed that crimes do not merge for sentencing purposes "unless the crimes arise from a single criminal act **and** all of the statutory elements of one offense are included in the statutory elements of the other offense." 42 Pa.C.S. § 9765 (emphasis added). That statute was enacted in 2002, and as our Supreme Court explained in **Commonwealth v. Baldwin**, 985 A.2d 830 (Pa. 2009), the "pre-Section 9765 jurisprudence characterized the merger doctrine as, first and foremost, a rule of statutory construction." **Id.** at 835. Under the former approach, courts would ask "whether the legislature intended for the punishment of one offense to encompass that for another offense arising from the same criminal act or transaction." **Id.** (quoting **Commonwealth v. Anderson**, 650 A.2d 20, 21 (Pa. 1994)). Courts would find that sentences merge where "the same facts show that practically speaking there was only one offense against the Commonwealth ... despite the number of chargeable offenses arising out of the transaction." **Commonwealth v. Williams**, 496 A.2d 31, 40 (Pa. Super. 1985) (citations omitted). Section 9765, however, "makes the legislature's intent with respect to merger manifest. That intent focuses solely on the elements of the offenses for which a criminal defendant has been convicted." **Baldwin**, 985 A.2d at 835.

- 6 -

Appellant largely relies upon **Commonwealth v. Eberts**, 422 A.2d 1154 (Pa. Super. 1980), a case that predates Section 9765. There, this Court determined that REAP and robbery charged under Section 3701(a)(1)(ii), the same subsection at which Appellant was sentenced herein, merged for the following reasons:

> In the course of committing a theft, herein stealing money from the dairy bar, the appellant threatened Mrs. Bibby with immediate serious bodily harm, specifically by use of a firearm. The above facts establish the necessary elements for the offense of robbery as stated *infra*. In order to prove that appellant engaged in conduct which recklessly placed another in danger of death or serious bodily injury, these exact same facts must be considered. No additional facts exist, or are necessary, to prove that appellant recklessly endangered another's life.

**Id.** at 1156.

Similarly, Appellant contends that the acts which support his robbery convictions are the same facts used to support his REAP convictions. **Eberts'** focus on whether the "same facts" supported both convictions is inconsistent with the elements test demanded by Section 9765. The crimes of REAP, and robbery–threatening or causing serious bodily injury, each contain an element that the other does not, as explained by **Commonwealth v. Martinez**, 153 A.3d 1025 (Pa. Super. 2016):

> In reviewing whether Appellant's conviction for REAP merges with his conviction for robbery, however, a comparison of the respective statutes leads to the conclusion that each offense requires proof of an element that the other does not, and, therefore, cannot merge for sentencing purposes. Indeed, among the elements of REAP is the requirement that the defendant possessed the "actual present ability to inflict harm." This evidentiary burden exceeds that required for robbery under

> Section 3701(a)(1)(ii), which only requires proof that the defendant threatened another with, or intentionally placed a person in fear of, immediate serious bodily injury whether or not the ability to cause such injury was actual. Moreover, REAP does not concern itself with the victim's state of mind, while robbery under Section 3701(a)(1)(ii) requires proof that the victim was placed in fear of serious bodily injury. [The a]ppellant's merger argument with respect to REAP and robbery is, therefore, unavailing.

*Id*. at 1033 (citation omitted).

The ***Martinez*** analysis follows the Section 9765 statute, and as a result, Appellant's convictions for REAP and robbery do not merge.

We similarly reject Appellant's contention that unlawful restraint merges with robbery, as it appears Appellant relies on the former law. Under Section 9765, the crimes do not merge. Appellant was convicted of violating the following subsection of unlawful restraint:

> **(a) Offense defined.--**Except as provided under subsection (b) or (c), a person commits a misdemeanor of the first degree if he knowingly:
>
>> (1) restrains another unlawfully in circumstances exposing him to risk of serious bodily injury[.]

18 Pa.C.S. § 2902.

The Section 3701(a)(1)(ii) subsection of robbery references serious bodily injury but does not require any proof that the victim was restrained. Section 2902(a)(1) does not require any proof that the actor threatened serious bodily injury or inflicted such injury, only that the restraint risked exposure to serious bodily injury. Thus, each crime requires proof of an element that the other does not, and the crimes do not merge for sentencing purposes.

Appellant's second issue is somewhat difficult to parse.[1]  He observes

that "all of the grades of the robbery statutes are inconsistent with one

another," because they "all are comprised of different elements."  Appellant's

Brief at 15.  Appellant discusses the different elements and asserts that "a

guilty verdict on a lesser included offense is an acquittal of the higher offense."

*Id.* at 16.  The basis for this claim is 18 Pa.C.S. § 109(1), which states:

> When a prosecution is for a violation of the same provision of the statutes and is based upon the same facts as a former prosecution, it is barred by such former prosecution under the following circumstances:
>
> > (1) The former prosecution resulted in an acquittal.  There is an acquittal if the prosecution resulted in a finding of not guilty by the trier of fact or in a determination that there was insufficient evidence to warrant a conviction.  A finding of guilty of a lesser included offense is an acquittal of the greater inclusive offense, although the conviction is subsequently set aside.

18 Pa.C.S. § 109.

Even if Appellant were correct that the least serious robbery offense is

a lesser included offense of all the other subsections, Section 109 does not

_____

[1] The Commonwealth claims that Appellant's claim is waived.  While the precise nature of Appellant's claim is difficult to discern, we will review the challenges to his sentence as a challenge to the legality of his sentence pursuant to *Commonwealth v. Hill*, 238 A.3d 399, 408 (Pa. 2020) (holding, in the double jeopardy context, that challenge to validity of conviction was waived but "challenge to his second sentence for DUI implicates the legality of his sentence, rendering that part of his claim non-waivable").  We agree with the Commonwealth that any challenge to the convictions themselves is waived.  *Id.*  Moreover, as the matter was remanded to the trial court for resentencing, only issues germane to sentencing may be raised at this juncture.

support the notion that a sentence must be imposed only on the least-serious offense. This case does not involve a former prosecution followed by a later prosecution, and thus the statute has no applicability.

Appellant's final claim concerns the application of the Deadly Weapon Enhancement (used) matrix. Appellant argues that the determination that he used a deadly weapon constituted judicial fact-finding that increased his minimum sentence and therefore violates the holding announced in **Alleyne**, **supra**, and **Apprendi v. New Jersey**, 530 U.S. 466 (2000) (holding that any fact that increases the maximum sentence must be submitted to the fact-finder and proven beyond a reasonable doubt). Those claims implicate the legality of the sentence. **See Commonwealth v. Newman**, 99 A.3d 86, 90 (2014) (*en banc*). Appellant also claims that, because the trial judge acquitted him of the firearms offense, there was no basis to conclude that he possessed a firearm.

Appellant notes that the Commonwealth originally submitted guidelines showing the Deadly Weapon Enhancement (possessed) matrix, which recommends a lower sentence than the "used" matrix. **See** 204 Pa.Code § 303.17(a). For example, robbery–threatening serious bodily injury has an offense gravity score of 10. 204 Pa.Code § 303.15. When paired with Appellant's prior record score of three, the recommended standard range sentence without any enhancement is a minimum of 42 to 54 months' imprisonment. 204 Pa.Code § 303.16(a). With the "possessed"

enhancement, the recommendation increases to 51 to 63 months; for "used," it increases to 60 to 72 months. 204 Pa.Code § 303.17(b).

Both of Appellant's claims fail. Beginning with the acquittal, the trial judge granted that motion on the basis that the Commonwealth failed to present evidence to satisfy the elements of the respective crimes. That does not serve as a finding that Appellant did not possess the firearm, and Appellant does not explain how the judge could usurp the jury's fact-finding role in that regard. The court did not find that the Commonwealth failed to offer any evidence that Appellant possessed a firearm, and several witnesses testified that Appellant wielded a firearm during the criminal episode. In any event, even if the jury had acquitted Appellant of the specific firearm crimes, the outcome would not change. Generally speaking, "jury acquittals should not be interpreted as specific factual findings arising from the evidence; rather, an acquittal may merely show lenity on the jury's behalf, or that the verdict may have been the result of compromise, or of a mistake on the part of the jury." *Commonwealth v. Baker-Myers*, 255 A.3d 223, 231 (Pa. 2021).

It is also clear that the deadly weapon enhancement does not constitute impermissible judicial fact-finding, because the judge's finding does not increase the sentence nor does it impose a mandatory minimum. In *Commonwealth v. Buterbaugh*, 91 A.3d 1247 (Pa. Super. 2014) (*en banc*), this Court analyzed whether an automobile constitutes a deadly weapon for purposes of the deadly weapon enhancement at issue here. In a footnote, we observed:

- 11 -

> ***Alleyne*** and ***Apprendi*** dealt with factors that either increased the mandatory minimum sentence or increased the prescribed sentencing range beyond the statutory maximum, respectively. Our case does not involve either situation; instead, we are dealing with a sentencing enhancement. If the enhancement applies, the sentencing court is required to raise the standard guideline range; however, the court retains the discretion to sentence outside the guideline range. Therefore, neither of the situations addressed in ***Alleyne*** and ***Apprendi*** are implicated.

***Id.*** at 1270 n.10.

Accordingly, the trial court did not illegally determine that Appellant used a firearm during the commission of these crimes, and the application of the enhancement was proper.[2]

Judgment of sentence affirmed.

PJE Stevens joins this memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/17/2023

---

[2] The fact that the Commonwealth submitted guidelines for Appellant's initial sentencing that used the deadly weapon (possessed) enhancement is irrelevant. Ultimately, the trial court must determine which guideline applies. We add that the Commonwealth's brief offers a plausible explanation for its error. "[T]here was little to no discussion whether that matrix was the correct one to use since [Appellant] was sentenced pursuant to the then-applicable mandatory minimum sentence." Commonwealth's Brief at 14.